[Crim. No. 396.   In Bank.—July 1, 1898.]

121  355
s134  454

THE PEOPLE, Respondent, v. GONZALES SMITH, Appellant.

CRIMINAL LAW—HOMICIDE—VENUE — EVIDENCE — DEPOSITION AT CORONER'S INQUEST.—Where a deposition taken at the coroner's inquest was offered for another purpose, but was introduced and read in evidence in its entirety without objection, evidence contained therein in aid of the venue of the homicide may be considered for that purpose.

ID.—INCOMPETENT EVIDENCE—WAIVER OF OBJECTION.—A defendant in a criminal case may waive the objection that evidence is incompetent; and failure to object to it on that ground is such waiver.

ID.—INDIRECT PROOF OF VENUE.—It is not necessary in order to prove the venue of a homicide that a witness should be asked the direct question or testify in so many words that the killing took place in the county; but it is sufficient that it incidentally appears in the testimony of witnesses that the place where the killing occurred was in the county.

ID.—VERDICT UPON PLEA OF JEOPARDY—SECOND TRIAL UPON PLEA OF NOT GUILTY.—Where, upon the first trial of a charge of murder, the jury found a verdict for the people upon the defendant's plea of "once in jeopardy," but failed to agree upon a verdict upon the plea of "not guilty," and upon the second trial upon that plea found him guilty of manslaughter, it was not necessary that the plea of "once in jeopardy" should be resubmitted to the jury, and again passed upon at the second trial. That plea was in no way dependent upon or interwoven with the plea of "not guilty," and might be separately tried; and it was not the duty of the court to order a retrial of it after a verdict upon it. The defendant was only entitled to a verdict in response to both his pleas before final judgment was entered.

ID.—MOTION FOR NEW TRIAL—REVIEW OF ERRORS.—The statute does not contemplate a motion for new trial until all of the issues have been passed upon; and upon such a motion any errors occurring upon the trial of the plea of "once in jeopardy" may be assigned and reviewed, as well as those occurring upon the trial and determination of the plea of "not guilty."

ID.—IMPROPER COMMENTS OF DISTRICT ATTORNEY—EVIDENCE NOT PRODUCED.—Unfavorable comments by the district attorney upon the failure of the defendant to call a witness not produced, who was present at the time of the homicide, to the effect that it must be presumed that his testimony would have been adverse to the defense, and the action of the court in sustaining such comments, were improper and prejudicially erroneous. The rule is universal that it is error to permit counsel, against objection, in argument before the jury, to make statements of, or comments upon, facts not in evidence.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

J. W. Ahern, and J. W. Laird, for Appellant.

W. F. Fitzgerald, Attorney General, and Henry E. Carter, Deputy Attorney General, for Respondent.

VAN FLEET, J.—Defendant was convicted of manslaughter for the killing of one Emelio Bencomo, in the county of Kern, and was adjudged to suffer imprisonment in the state prison for the term of ten years. He appeals from the judgment and from an order denying him a new trial.

1. Appellant's first contention is that there was no evidence to prove venue. But this objection is not sustained by the record. It is true, as appellant urges, that no witness was asked the direct question, nor testified in so many words, that the killing took place in Kern county; but this was not essential if the fact otherwise sufficiently appeared. Appellant contends that the only evidence touching upon the question was contained in the deposition of the witness Miller, taken at the coroner's inquest; that this deposition was introduced at the trial for another purpose, and was not competent or admissible to prove venue. The deposition was introduced and read in its entirety without objection, and while the primary purpose of its introduction was apparently other than to establish the venue, the purpose was not limited, and being in evidence, could be regarded in aid of any fact which it intended to establish. A defendant may waive the objection that evidence is incompetent, and a failure to object to it on that ground is such waiver. But, independently of the deposition, there was evidence sufficient to show that the offense was committed in the county of Kern. All of the witnesses refer to and designate the place where deceased was shot and killed as being at "Scodie's store," and it incidentally appears in the testimony of several of the witnesses, and without conflict, that this store was in the town of Onyx, in Kern county.

2. At the first trial of the case in February, 1897, the defendant, with his plea of not guilty, introduced the plea of "once in jeopardy." As a result of that trial the jury returned this verdict: "We, the jury impaneled to try the above-entitled cause, find for the people upon the plea of once in jeopardy, introduced by defendant, that is, we find that he has not been in jeopardy. James Curran, Foreman."

But upon the plea of not guilty to the charge laid in the information the jury announced that they were unable to agree upon a verdict, and were discharged. Subsequently, in May,

1897, the cause was tried a second time. The record does not disclose whether the issue raised by the plea of jeopardy was again submitted to the jury upon this second trial, or that any evidence was offered in support thereof; but the jury returned a verdict convicting defendant of manslaughter, without any mention of the special plea. Thereupon the defendant made a motion for a new trial, but made no mention therein, nor in his bill of exceptions, of said plea of jeopardy, or any assignment of error based thereon or growing out of the trial thereof, in any way. His motion was denied and judgment entered against him, which constitute the order and judgment from which this appeal is prosecuted.

It is now urged that defendant was entitled to have his special plea again submitted to the jury at his second trial, and to a verdict thereon at their hands, and that the judgment could not competently be entered against him without such finding. In other words, appellant's position is that the verdict of the jury upon that issue at his first trial, by reason of the failure to find upon the question of guilt, went for naught, was wholly nugatory, and should not have been received—apparently upon the theory that, as no final judgment of conviction could be entered upon such verdict no appeal would lie therefrom, nor any opportunity be afforded to the defendant to have the trial of that issue reviewed; and consequently that that issue should now be regarded as if never tried.

But this objection is determined adversely to the position of the appellant by the case of *People v. Majors,* 65 Cal. 138, 148, 52 Am. Rep. 295. In that case the defendant, under an indictment for murder, had been previously tried upon the plea of "former conviction," and a verdict found against him thereon; subsequently he was placed on trial under the same indictment, upon his plea of not guilty. At this second trial he asked to be permitted to again interpose the special plea, but this was refused, and the refusal was assigned as error. The objection was briefly answered in this court by the obvious suggestion that "the defendant had been tried on his plea of former conviction, and it was not the duty of the court to grant him another trial on that." Upon reason and principle this must be so. Why should a defendant be entitled to a second trial of such an issue

any more than that of guilt—except for error? But it is said that it was error to receive such partial verdict; that the contemplation of the statute is that the pleas of the defendant shall be tried and determined together. It is true that such is the more usual, more expeditious, and more desirable mode of trying criminal cases; but there is nothing in the statute, nor any reason, imperatively demanding that course. A plea of this character is in no way dependent upon or interwoven with, that of "not guilty," but is separate and apart therefrom; and there is nothing, therefore, in the nature of things precluding the idea of trying it separately. The defendant had a verdict in response to both his pleas before final judgment was entered, and that was all he was entitled to.

But it is said that in such case defendant can have no opportunity to have reviewed any error occurring in the trial of his special plea. This is refuted by the ruling in the Majors case, above referred to, and by the provisions of the statute. The fact that the special plea has been tried first, no matter how long before the question of guilt is determined, does not preclude a defendant from moving for a new trial for any error arising therein. As suggested in the first appeal in *People v. Majors*, 65 Cal. 100, the statute does not contemplate a motion for a new trial until all the issues of fact have been tried. When those issues have been determined, and before final judgment is entered, the defendant has his motion for a new trial, upon which may be assigned and reviewed the errors, if any, occurring in the trial of any or all of the issues. That was the course pursued and recognized in *People v. Majors*, first above cited (65 Cal. 138), and to our minds a perfectly proper and logical one.

3. The most serious exception in the case is that based upon certain statements of the district attorney made in his closing argument to the jury, and the ruling of the court thereon. The evidence disclosed that there were present at the time Bencomo was killed but four persons other than deceased—the defendant, his brother, John Smith, one Porfirio Tapia, and a lad named Harvey Mills. John Smith, the brother, was informed against jointly with defendant for the murder of the deceased, but prior to the trial had on motion of the district attorney been ordered discharged. Whether he had in fact been discharg-

ed, or was for some reason still in custody at the time of the trial, the record does not disclose. It was suggested at the argument that he was yet in custody, but there is no evidence to show that such was the fact. There is nothing in the record to show that he was present at the trial or in the county, or even within reach of the process of the court at that time; and he was not called as a witness. Tapia and Mills were the principal witnesses for the state; they testified at the trial that the deceased was shot and killed by defendant, and they gave their version of the details of the shooting. There was evidence, however, on the part of the defense tending more or less strongly to impeach the testimony of these witnesses, by showing that they had both theretofore made statements at variance with their evidence, to the effect that, while they were near the place of the shooting at the time it occurred, they did not see it, nor know who did it; in fact it was shown that they had testified substantially to that effect before the coroner at the inquest on the body of deceased, and again at the preliminary examination of the accused. The defense was that the defendant did not commit the act; and in support of this defense the defendant testified that he was going to or standing by his horse at some distance from and with his back to the deceased at the time the shots were fired; that he heard the shots, but did not do the shooting, nor see who did it; that when he started to go to his horse he left his brother John and the deceased in conversation, and that when he returned to where the deceased was lying after the shots were fired his brother was still there, and told him that deceased had shot himself.

We are not to judge of the probabilities of this defense, nor of the case made by the prosecution; those were questions exclusively for the jury. But the defendant was entitled as of right to have the question of his guilt determined solely upon the evidence placed before the jury, and this right it is claimed was denied him by what follows. During his closing argument the district attorney stated to the jury: "There was present at that shooting Gonzales Smith, John Smith, Tapia, Harvey Mills; and Emelio Bencomo was killed. Now, sir, Mr. Tapia and Mr. Harvey Mills came on this stand and told you the story of the shooting. Mr. Gonzales Smith comes on to that stand, the defendant,

and denies the story as given by those two men. Now, sir, I say, 'Where is John Smith?'" At this point the defendant interposed this objection: "If your Honor please, we object to the district attorney commenting on the fact that John Smith was not called as a witness by the defendant, and we ask the court to instruct the district attorney that he has no right to comment on that to the jury."

"The district attorney—'That is just exactly the proposition I propose to talk to you about, and you gentlemen can see the defense is afraid of it or they never would have squealed.' The defendant again objected to the remarks of the district attorney as improper, and asked for a ruling of the court on his objection. The court ruled that 'the district attorney can comment on the fact, if he desires to.' To which ruling the defendant excepted. Thereupon the district attorney further stated to the jury: 'The presumption of the law is that, if John Smith had testified before you gentlemen as to the facts in this case—the presumption of the law is that his testimony would have been adverse to the defense.' To this statement the defendant objected as improper, and asked a ruling of the court.

"The court—'Let the district attorney proceed with his argument.'

"The defendant's attorney—'Note an exception.'

"The district attorney—'He was subpoenaed as a witness on the part of the defense, and not put on the stand.'

"The defendant's attorney—'Note an exception to the remark of the district attorney commenting on something that is not in evidence.'

"The court—'You have got the benefit of the objection on this particular line of the district attorney's argument, and don't interrupt him any more.' "

It is hardly necessary to say that these statements by the district attorney were under the circumstances wholly unauthorized and highly improper; and that the overruling by the court of defendant's objections thereto was error. Nor can we avoid the conclusion that the error was one calculated to greatly prejudice the defendant's case. There was, as we have seen, no evidence to warrant the fact stated by the district attorney in the remarks quoted, nor the unfavorable inference deduced therefrom; and

yet the court by its ruling implicitly told the jury that both the statement of fact and the deduction made by the district attorney therefrom were proper matters for their consideration. If the jury acted in the belief, as presumptively they did, that John Smith was not called by the defendant because he knew that his evidence would be against him, the consideration could but bear heavily against the degree of credence they might otherwise, and in view of the strong impeachment of the main witnesses of the prosecution, have given the case of the defendant; since it appeared without conflict that John Smith was an eye witness of the affair, and therefore, presumably, knew the truth as to whether the deceased was killed by the defendant or shot himself. The error was, therefore, a material one, and for it the case must be reversed. The rule is universal that it is error to permit counsel, against objection, in argument before the jury, to make statements of, or comments upon, facts not in evidence; and, unless the court can see clearly that the error was as to some matter which could not in its nature have prejudiced the defendant's case, the judgment will be reversed. (*People v. Mitchell,* 62 Cal. 411; *State v. Hatcher,* 29 Or. 309.)

We find no other error in the case; the action of the court in modifying the instructions complained of was proper, and its rulings upon evidence correct.

For the error above pointed out the judgment and order are reversed and the cause remanded.

Garoutte, J., McFarland, J., Harrison, J., Henshaw, J., and Temple, J., concurred.