[No. 9403. Department One. ' June 1, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v. D. D. BRACHE, *Appellant*.[1]

ROBBERY—EVIDENCE—SUFFICIENCY. A conviction of robbery is sustained by the evidence of the victim that the defendants seized and carried him along the sidewalk, abstracted silver from his trouser's pocket; and threw him down on the walk, and that, when he got up, his pocket book and gold pieces which he was carrying in his inside coat pocket were gone.

ROBBERY—ISSUES AND PROOF—VARIANCE. Upon an information, charging robbery of "lawful money of the United States," it is not a fatal variance to prove the taking of $1.75 in silver and a twenty and a five-dollar gold piece, the *prima facie* presumption being that the witness was speaking of current coins of the country, especially where no objection thereto was made below.

CRIMINAL LAW—APPEAL—REVIEW—HARMLESS ERROR. On a trial for robbery, error in excluding the accused's explanation of what he did between the time of the transaction and his arrest is not prejudicial, where there was no evidence of flight.

TRIAL—INSTRUCTIONS—TIME FOR REQUEST—DISCRETION. Under Rem & Bal. Code, § 339, providing that the court shall instruct the jury at the conclusion of the evidence, and thereafter counsel may address the jury, it is discretionary for the court to refuse to give a further instruction after argument of the counsel.

ROBBERY—TRIAL—INSTRUCTIONS. In a trial for robbery, where defendants severed, an instruction that the accused could not be found guilty unless the jury found that he took the money from the prosecuting witness, is more favorable to accused than his requested instructions that he could not be found guilty unless he assisted in taking it or the taking was within the common purpose of the defendants.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered November 10, 1910, upon a trial and conviction of the crime of robbery. Affirmed.

*Myron C. Cramer*, for appellant.

*J. L. McMurray, A. O. Burmeister*, and *F. G. Remann*, for respondent.

[1]Reported in 115 Pac. 853.

Gose, J.—The appellant was tried, convicted, and sentenced upon an information charging him with the commission of the crime of robbery, and has appealed. The charging part of the information is as follows: ·

"That the said Theodore N. Rush and D. D. Brache in the county of Pierce, in the state of Washington, on or about the 6th day of September, nineteen hundred and ten, then and there being, unlawfully and feloniously did then and there take from the person of Charles Willard, by means of force and violence and fear of injury and against the will of the said Charles Willard, $25 lawful money of the United States, the personal money and property of the said Charles Willard."

Appellant and his codefendant demanded and received separate trials.

The appellant first contends that the evidence is insufficient to support the verdict. The evidence of the complaining witness is to the effect that, on the date alleged in the information, he met the appellant and his codefendant in the town of Buckley; that they seized and carried him for some distance along the sidewalk; that the appellant abstracted from his trousers pocket all of his silver, amounting to about $1.75; that they then threw him onto the sidewalk, face downward, and that, when he got onto his feet, his pocket book, containing "a twenty dollar gold piece and one five," which he was carrying in his inside coat pocket, was gone. There is some corroboration of this testimony. Our statute, Rem. & Bal. Code, § 2418, defines robbery as the "unlawful taking of personal property from the person of another . . . against his will, by means of force or violence or fear of injury, immediate or future, to his person or property," etc. The evidence of the taking of the money is ample to support the verdict. True, the appellant denied laying his hands upon the complaining witness except to assist him to arise after he had fallen from drunkenness, and denied the taking of the money. But the truth of the testimony was for the jury.

The next point urged is, that the information charges the taking of "lawful money of the United States;" that there is no evidence that it was such, and that the variance is fatal. Matter descriptive of the subject of the crime, subject to exceptions not involved here, must be proved as laid in the information. 1 Bishop, New. Crim. Proc., § 488. We think, however, that, when the state offered evidence tending to show that the appellant forcibly took $1.75 in silver and a twenty and a five-dollar gold piece from the person of the complaining witness, it made a *prima facie* case. True, the witness did not expressly state that it was lawful money of the United States, but we think that the jury had a right to presume, in the absence of countervailing evidence, that he was speaking of the current coins of the country where the crime was committed and where the case was tried. When we hear a person speak of a silver or gold coin without any qualifying words, we understand him to mean the silver and gold coins of our own country. It is a well-settled rule of evidence that any inference which may be reasonably drawn from a fact testified to by a witness is as legitimate evidence as the fact itself. We are aware that this view is not in harmony with the rule announced in *State v. Phillips*, 27 Wash. 364, 67 Pac. 608, and some cases in other jurisdictions. The modern trend of judicial thought, however, is toward a more liberal interpretation and application of the law in both civil and criminal cases, to the end that substance and not form shall control. *State v. Brown*, 62 Wash. 293, 113 Pac. 782; *State v. Jones*, 53 Wash. 142, 101 Pac. 708.

At the close of the state's case, the appellant did not challenge the sufficiency of the evidence, but proceeded to present evidence to offset the case made by the state. Had he then challenged its sufficiency on the ground now urged, the state could have reopened the case and offered the evidence which it had inadvertently omitted. So far as the record discloses, the precise question was not called to the attention of the court below. Indeed, we have before us the certificate of

the trial judge stating that this question was neither raised
during the trial of the case nor in the motion for a new trial.
This, we think, offers an additional reason for holding the
evidence to be sufficient.

It is next urged that the state introduced evidence tending
to prove the flight of the appellant after the commission of the
crime, and that he was denied the right to explain what he did
between the time of the commission of the crime and his ar-
rest. The evidence which appellant sought to explain was
the statement of one of the state's witnesses, to the effect
that she told the appellant and his codefendant to let the
complaining witness up or that she would call the police,
and that, as she walked away toward her house, they were go-
ing straight from her house, "not on a run, but just near on a.
run. They were going without running," down the railroad,.
in an opposite direction from Buckley. This was not evi-
dence of flight, but was a part of the *res gestae*. The only
evidence as to the time of the commission of the alleged rob-
bery is that of the complaining witness and the appellant,.
both of whom testified that it occurred about three o'clock in
the afternoon. The appellant was arrested on Main street
in the town of Buckley, according to his testimony, about
three-thirty o'clock of the same day, and according to the
testimony of the town marshal who arrested him, between four
and five o'clock. The appellant also testified that he went
down the railroad, but made no statement as to whether he
ran or walked. He was then asked: "What did you do then?"·
An objection was sustained to this question, and this is the
error now suggested. The trial court should have permitted
him to answer the question, but we do not think, in view of the
facts stated, that any prejudice resulted.

After the appellant's counsel had addressed the jury and
after the jury had been instructed, the appellant requested:
the court to give the following instruction:

"If you find that a robbery was committed, and if you·
further find that the actual taking of the money was done

by the man Rush, and that the defendant Brache was present at the time of the taking, you cannot find the defendant Brache guilty unless you find either that Brache assisted in the taking of the money, or, if you find that he did not assist in the taking but was present, you must further find, before you can find him guilty, that the taking was within their common purpose. That is, if you find that Brache was present but took no part in the robbery, in order to find him guilty you must find that there was a common purpose between Rush and Brache to commit the robbery and that Brache was present in the course of carrying out that common purpose."

The court refused the instruction, on the ground that it came too late. This is assigned as error. The code, Rem. & Bal. Code, § 339, subd. 4, provides that the court shall instruct the jury at the conclusion of the evidence, and that thereafter counsel may address the jury. Assuming that the statute is directory, it clothes the court with a discretion which was not abused. *Manhattan Life Ins. Co. v. Francisco,* 17 Wall. 672. Moreover, the court had already instructed the jury that:

"The question, therefore, for you to determine is, whether or not the defendant did on or about the 6th day of September, 1910, take from the person of Charles Willard by means of force or violence or fear of injury, and against the will of the said Charles Willard twenty-five dollars, or other sum, lawful money of the United States, or thing of value, the personal money and property of the said Charles Willard. If you find that the defendant D. D. Brache did so do, then you should find him guilty of the crime of robbery as charged in the information in this case; if upon consideration of the testimony you find that the defendant D. D. Brache did not so do, then you should find him not guilty."

Preceding the giving of this instruction, the court had instructed that the defendants had severed, and that they were to consider only the case of the appellant and determine his guilt or innocence "under the charge against him." These instructions were more favorable to the appellant than the

one requested.   The requested instruction would have been in direct conflict with them.

The judgment is affirmed.

FULLERTON, PARKER, and MOUNT, JJ., concur.