[No. 10267.   Department Two.   July 9, 1912.]

THE STATE OF WASHINGTON, *Respondent*. v.
JOHN C. KINCAID, *Appellant*.[1]

CRIMINAL LAW—VENUE—EVIDENCE—JUDICIAL NOTICE. The venue of an offense is sufficiently established in Whatcom county, where laid, by proof that it was committed in the city of Bellingham, as the courts will take judicial notice that Bellingham is in Whatcom county.

RAPE—EVIDENCE—SUFFICIENCY. Under Rem. & Bal. Code, §2437, providing that sexual penetration, however slight, is sufficient to complete sexual intercourse, evidence of repeated attempts by the accused and pain suffered by a child of twelve, is sufficient to make a case for the jury upon the question of consummation of a statutory rape.

[1]Reported in 124 Pac. 684.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—IMPEACHING EVIDENCE.
A new trial for newly discovered evidence is properly refused where
the new evidence is merely impeaching and could or should have
had but small probative value, and should not have changed the
result.   .

Appeal from a judgment of the superior court for What-
com county, Kellogg, J., entered December 30, 1911, upon a
trial and conviction of rape.   Affirmed.

*Henry C. Beach* and *George Livesey*, for appellant.
*Frank W. Bixby* and *H. C. Thompson*, for respondent.

ELLIS, J.—The defendant was found guilty by a jury of
the crime of statutory rape, committed upon the person of a
twelve-year-old girl.   A motion and supplemental motion for
a new trial were overruled by the court.   From a judgment
of conviction and sentence to imprisonment in the penitenti-
ary, the defendant has appealed.

The appellant's first contention is that the state failed to
prove venue, as laid in the information.   There was no direct
statement by any witness that the crime was committed in
Whatcom county.   The rule, however, is established by over-
whelming authority that venue, like any other fact, may be
found upon circumstantial evidence; and that, where it may
be reasonably inferred from the evidence that the crime was
committed in the county designated in the information, the
venue is sufficiently established.                   .

"The venue need not be proved by direct and positive evi-
dence.   It is sufficient if it may be reasonably inferred from
the facts and circumstances which are proven and are involved
in the criminal transaction.   It is enough if it may be in-
ferred from the circumstances by the jury that the crime was
committed in the county alleged in the indictment.   The
venue need not be proved beyond a reasonable doubt.   If the
only rational conclusion from the facts in evidence is that
the crime was committed in the county alleged, the proof is
sufficient.   The venue may be proved by circumstantial evi-
dence.   It is not necessary that a witness expressly testifies
that the crime was committed in the county as charged in the

indictment.   Such direct and positive testimony may be dispensed with.   For it has been repeatedly held where there is no direct testimony showing the venue that if there are references in the evidence to streets, public buildings or other landmarks at or near the scene of the crime, which are either known to the members of the jury or which may probably be familiar to them, the jury may safely presume that the venue has been proved." Underwood, Criminal Evidence (2d ed.), pp. 59, 60, 61, § 36.

See, also, 13 Ency. Evidence, p. 932; 12 Cyc. pp. 494-495; *Wilson v. State*, 62 Ark. 497, 36 S. W. 842, 54 Am. St. 303; *McCune v. State*, 42 Fla. 192, 27 South. 867, 89 Am. St. 225; *People v. McGregar*, 88 Cal. 140, 26 Pac. 97; *State v. Burns*, 48 Mo. 438; *State v. Ruth*, 14 Mo. App. 226; *Commonwealth v. Ackland*, 107 Mass. 211; *People v. Smith*, 121 Cal. 355, 53 Pac. 802; *Cox v. State*, 28 Tex. App. 92, 12 S. W. 493; *State v. Grear*, 29 Minn. 221, 13 N. W. 140; *State v. Cantieny*, 34 Minn. 1, 24 N. W. 458; *State v. Meyer*, 135 Iowa 507, 113 N. W. 322, 124 Am. St. 291; *Brooke v. People*, 23 Colo. 375, 48 Pac. 502; *State v. Thomas*, 58 Kan. 805, 51 Pac. 228; *State v. Gilluly*, 50 Wash. 1, 96 Pac. 512; *State v. Fetterly*, 33 Wash. 599, 74 Pac. 810.

The prosecuting witness testified that the appellant conducted a photographic studio "over the Empire Market, on Holly street"; that the prosecuting witness lived in Bellingham, on Forrest street; that while living there she went to Sunday school on Holly street; that she went to appellant's studio sometimes every day, and sometimes less frequently; that he often gave her money, and that he was the only person in the city of Bellingham who would give her money with which to go to shows; that the offense was committed in the appellant's studio on one of these visits.   The chief of police testified that he was chief of police of the city of Bellingham; that he went up to the photographic gallery of the appellant and discovered him in a compromising position with the prosecuting witness.   Many other circumstances tending to show that the whole transaction occurred in the city of Bell-

ingham also appear in the evidence. This court will take judicial notice of the fact that the city of Bellingham is in Whatcom county. Under the rule announced in the foregoing authorities, the venue as laid in the information was fully established.

It is next urged that the consummation of the crime was not established, in that there was no proof of actual penetration. The statute declares that:

"Any sexual penetration, however slight, is sufficient to complete sexual intercourse or carnal knowledge." Rem. & Bal. Code, § 2437.

"Penetration may be proved by direct or circumstantial evidence like any other fact." 10 Ency. Evidence, p. 581.

We will not review the revolting details of the evidence on this point, further than to say that the testimony of the prosecuting witness and another little girl who was present on several occasions, if believed by the jury, was ample to show that the appellant repeatedly and persistently attempted to commit the offense charged, and that he expressed the intention to commit it. The prosecuting witness testified: "The last time I think he did do something the last time, but I do not know. He hurt me a little, quite a little, the last time." The repeated efforts of the appellant and the pain of the prosecuting witness, if the jury believed the testimony, were facts from which penetration to some extent would almost necessarily be inferred. The question was one for the jury. There was competent evidence to the point. We cannot disturb the verdict on the ground urged without usurping the functions of the jury. *People v. Courier*, 79 Mich. 366, 44 N. W. 571.

Finally, it is contended that a new trial should have been granted on the ground of newly discovered evidence. The principal corroborating witness had testified that she, also, had had intercourse with other men. The affidavits in support of the motion for a new trial show that the complaining witness and the other little girl, the principal corroborating

witness, had been subjected to a physical examination by the county physician. An affidavit of the physician states that there was no physical evidence of violation of the other child, and that the undilated condition of the sexual organs of the prosecuting witness would negative the assumption that connection had occurred with any adult male person. On request of the court, he made a supplemental and explanatory affidavit, stating that, by the word "connection," used in the original affidavit, he meant "complete insertion;" but that, if the term penetration as used in the statute meant entering the *labia* only, then such penetration was possible. It is manifest that this newly discovered evidence had but small probative value, and would not, or at least should not, have changed the result of the trial. It was at most merely impeaching in its character.

"The absent evidence for which a new trial is asked, or the evidence which it is proposed to offer on a new trial to overcome the effect of evidence by which the movant was surprised, must be of such character and importance as will probably result in a different verdict. Ordinarily a new trial will be refused when the proposed new evidence is merely cumulative of evidence actually introduced by the movant on the trial, or is merely impeaching in its character." 29 Cyc. pp. 880, 881.

We are unable to say that there was any abuse of discretion in the denial of a new trial.

The judgment is affirmed.

MOUNT, FULLERTON, and CHADWICK, JJ., concur.