[No. 11444.   Department One.   December 12, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v. CHIN SAM,

*Appellant*.[1]

CRIMINAL LAW—VENUE—EVIDENCE—SUFFICIENCY.   Evidence that a crime was committed at a restaurant and that the restaurant where the crime was "supposed to have been committed" was located in "Bellingham, Whatcom County, Washington," is sufficient proof of the venue laid in Whatcom county.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered February 24, 1913, upon a trial and conviction of a felony.   Affirmed.

*Crowder & Crowder* and *Hans Bugge*, for appellant.

*Frank W. Bixby*, for respondent.

CHADWICK, J.—Appellant is charged with having committed a crime in the county of Whatcom, state of Washington.   He was convicted, and has brought his case to us on appeal.

Two questions are submitted for our determination: First, was the venue of the crime proven; and second, is the verdict sustained by the evidence?

No witness was asked the direct question whether the crime was committed in Whatcom county, but the testimony taken as a whole clearly shows that the witnesses had reference to the city of Bellingham, and that no doubt could have remained in the minds of the jury as to the situs of the crime.   12 Cyc. 494.   One witness testified as follows:

"Q. You know where the restaurant is where this defendant held out and was the cook, you know where it is in Bellingham?   A. Where the crime was supposed to have been?   Q. Yes.   A. Yes.   Q. And that restaurant is located in Bellingham, Whatcom county, Washington?   A. Yes, sir."

[1]Reported in 136 Pac. 1146.

This is sufficient proof of the venue under the authority of *State v. Fetterly*, 33 Wash. 599, 74 Pac. 810; *State v. Kincaid*, 69 Wash. 273, 124 Pac. 684.

The evidence in this case is too revolting to discuss.. We have read it and have no hesitation in saying that, if the testimony of the state is to be believed, no verdict other than the one rendered could have been returned.

Affirmed.

CROW, C. J., GOSE, ELLIS, and MAIN, JJ., concur.