[No. 12122. Department Two. December 11, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v. E. M. DOOLEY, *Appellant*.[1]

CRIMINAL LAW—VENUE—EVIDENCE—SUFFICIENCY. The venue is sufficiently proven in a criminal case, although no witness testified directly that the offense was committed in the county, where the testimony was replete with expressions showing that fact, and the evidence as a whole was sufficient to satisfy the jury.

OBSTRUCTING JUSTICE — STATUTORY PROVISIONS — SOLICITATION BY WITNESS. One who for a consideration offers to make an affidavit to be used on a motion for a new trial, stating that his former testimony in the case was a fabrication, is a "witness," within the meaning of, and is guilty of violating, Rem. & Bal. Code, § 2324, providing that "every person who is or may be a witness upon a trial . . . . or other proceeding before a court who shall ask any compensation . . . . upon an agreement or promise that his testimony shall be influenced thereby . . . . shall be guilty" etc.; since by Id., §§ 399, 401, an affidavit is made a distinct means for bringing the testimony of witnesses before the court on motions for a new trial, and one who testifies by affidavit is a witness.

[1]Reported in 144 Pac. 654.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered February 7, 1914, upon a trial and conviction of soliciting a bribe by a witness. Affirmed.

*A. D. Martin* and *William R. Bell,* for appellant.

*John F. Murphy* and *Edgar J. Wright,* for respondent.

FULLERTON, J.—The appellant was convicted in the superior court of King county of the crime defined in § 2324 of Rem. & Bal. Code (P. C. 135 § 143), and sentenced to a term in the penitentiary. The evidence on the part of the state tended to show the following facts: That, in October, 1913, the appellant testified on behalf of the plaintiff in an action for personal injuries then on trial in the superior court of King county; that a verdict for the plaintiff was returned in the action and a motion for a new trial made by the defendant. That, while this motion was pending, the appellant approached a representative of the defendant and offered, in consideration of five hundred dollars and three days' time in which to get away, to make an affidavit for the use of the defendant in support of its motion to the effect that his testimony given at the trial was manufactured for the occasion, with the aid and connivance of the attorney for the plaintiff, and that it was wholly false and untrue. That the offer was brought to the attention of the attorney for the defendant, who immediately informed the trial judge and prosecuting attorney thereof, and that a plan was formulated by which the appellant's purpose could be more definitely ascertained. That, to this end, a meeting was appointed at the attorney's office, at which the appellant appeared, and that while there, in the presence of the defendant's representative, its attorney, a stenographer, and within the hearing of a deputy prosecuting attorney and a deputy sheriff, he dictated from notes in his possession an affidavit, in form and matter in accordance with his original proffer; that the

affidavit was immediately transcribed, corrected in a few minor particulars by the appellant, and a notary called before whom the verification could be made; that the affidavit was then presented to the appellant for signature and verification, and that he refused to sign or verify it, unless he was first paid the sum of money originally demanded as a consideration therefor.

In this court, the appellant makes two principal contentions; first, that the venue of the offense was not sufficiently proven; and, second, that the facts shown do not constitute an offense within the meaning of the statute under which the conviction was had.

The first contention is without merit. While it is true that a perusal of the testimony fails to disclose that any witness testified directly that the transactions which they related occurred in King county, yet the testimony is replete with expressions showing the fact. This is sufficient. Whether the venue is properly laid, like any other fact necessary to be shown to sustain a conviction, is to be gathered from the evidence as a whole, and competent evidence of the fact, sufficient to satisfy the jury, satisfies the law. *State v. Fetterly*, 33 Wash. 599, 74 Pac. 810; *State v. Gilluly*, 50 Wash. 1, 96 Pac. 512.

The second contention involves a construction of the section of the statute above cited. The section reads as follows:

"Every person who is or may be a witness upon a trial, hearing, investigation or other proceeding before any court, tribunal or officer authorized to hear evidence or take testimony, who shall ask or receive, directly or indirectly, any compensation, gratuity or reward, or any promise thereof, upon an agreement or understanding that his testimony shall be influenced thereby, or that he will absent himself from the trial, hearing or other proceeding, shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both."

It is argued by the appellant that the acts shown by the evidence to have been committed by him, do not fall within any of the conditions against which the statute is directed; that the statute is directed against a person "who is or may be a witness upon a trial, hearing, investigation or other proceeding, before any tribunal or officer authorized to hear evidence or take testimony," and that to give an affidavit to be used on a motion for a new trial, is not to be a witness upon a trial, hearing, investigation or other proceeding, before any of the tribunals or persons thus enumerated. But it is our opinion that the rule is otherwise. By Rem. & Bal. Code, § 399 (P. C. 81 § 729), misconduct of the prevailing party, and newly discovered evidence, are made causes for a new trial, and by Id., § 401 (P. C. 81 § 733), it is provided that, when the motion is made for either of these causes, the facts upon which it is based may be shown by affidavit. By these statutes, therefore, an affidavit is made a distinct means by which the testimony of a witness can be brought before a court authorized to hear and pass upon a motion for a new trial, and clearly, where a court is authorized to receive evidence through affidavits in a proceeding lawfully pending before it, one who testifies by affidavit in that proceeding is as much a witness therein as he would be had he testified by deposition, or appeared before the court personally and given his evidence orally. "The word witness is a most general term including all persons, from whose lips testimony is extracted to be used in any judicial proceeding. It embraces deponents, as the term is used with us, and affiants equally with persons delivering oral testimony before a jury. The affiant, or deponent, is always a witness, but a witness is not necessarily an affiant or deponent." *Bliss v. Shuman*, 47 Me. 248.

It is our conclusion, therefore, that the acts of the appellant constitute an offense within the meaning of the statute, and that no error was committed at the trial resulting in his conviction. The judgment is affirmed.

CROW, C. J., MOUNT, MAIN, and ELLIS, JJ., concur.