[No. 12768.  Department Two.  December 29, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES LIBBY, *Appellant*.[1]

LARCENY—EVIDENCE—SUFFICIENCY.  A conviction for stealing a calf on the open range is sustained by ·the evidence where the defendant admitted the killing and butchering of the calf and the taking of the meat and attempted to conceal the fact, stating to the arresting officer that no one would have known about it if he had not appeared so soon, although the accused claimed that it was shot by mistake and that he intended to find and make compensation to the owner.

CRIMINAL LAW—VENUE—EVIDENCE—SUFFICIENCY.  The venue in a prosecution for stealing a calf on the open range is sufficiently shown, although no one was asked the direct question whether the crime was committed in the county alleged, where that fact was clearly shown and there could have been no doubt in the minds of the jury.

LARCENY—INFORMATION—VARIANCE.  Upon a prosecution for stealing a calf from the open range, of unknown ownership, there is no variance as to ownership from the fact that a witness on cross-examination testified that he thought it belonged to the L.-W. Co., where he stated on redirect that he did not know who it belonged to.

Appeal from a judgment of the superior court for Okanogan county, Chapman, J., entered November 19, 1914, upon a trial and conviction of cattle stealing.  Affirmed.

*Smith & Gresham*, for appellant.

*Chas. A. Johnson*, for respondent.

MAIN, J.—On November 16, 1914, the defendant was charged by information with the crime of stealing from the open range and appropriating to his own use, "one head of neat cattle, to wit, one calf, the property of another, the true owner of said calf being unknown to said prosecuting attorney."  The trial resulted in a verdict of guilty.  From the judgment entered upon the verdict and the sentence imposed, this appeal is prosecuted.

[1]Reported in 153 Pac. 1058; 155 Pac. 746.

It is first claimed that the evidence is insufficient to sustain a conviction. Testifying in his own behalf, the defendant admitted the killing, butchering, and taking of the meat of the calf to his own home. The evidence also shows that a portion of the carcass had been buried for the purpose of avoiding any suspicion that his neighbors might have. The arresting officer testified that the defendant stated to him that if he had not appeared so soon, all the evidences at the place where the calf was killed would have been obliterated, and nothing would have been known about it; or words to that effect. The appellant, in explanation of his conduct, claimed that the calf had been shot by mistake, believing it to be a deer, and that he intended to seek out the owner and make compensation. Further discussion of the evidence is unnecessary, as it was abundantly sufficient to sustain the conviction. *Croom v. State*, 71 Ala. 14; *Lundy v. State*, 60 Ga. 143; *Wilburn v. Territory*, 10 N. M. 402, 62 Pac. 968; *Coombes v. State*, 17 Tex. App. 258.

It is suggested that the state failed to prove the venue as laid in the information. No witness was asked the direct question whether the crime was committed in Okanogan county. But the testimony shows clearly that it was there committed, and that there could have been no doubt in the minds of the jury as to the situs of the crime. This is sufficient proof of venue. *State v. Kincaid*, 69 Wash. 273, 124 Pac. 684; *State v. Chin Sam*, 76 Wash. 612, 136 Pac. 1146.

Finally, it is contended, and this seems to be the principal point urged, that there was a variance between the allegations of the information and the proof, in this: That the information alleged ownership in an unknown person; and it is claimed that the evidence shows individual ownership. The information was based upon Rem. & Bal. Code, § 2605, subdivision 4 (P. C. 135 § 703). According to this statute every person who shall steal, unlawfully obtain, or appropriate "from any range or pasture . . . one or more head of neat cattle . . . shall be guilty of grand larceny."

There is no substantial evidence as to the ownership of the calf which was killed and appropriated.

Upon cross-examination, the arresting officer expressed the opinion, in answer to one question, that the calf belonged to the Little-Wetzel Company. Upon redirect examination, however, he stated positively that he did not know the ownership of the calf. This evidence was obviously not sufficient to establish ownership.

Counsel for the appellant seek to support their argument as to a variance by a quotation from the opinion of the trial court when ruling upon the appellant's motion for a directed verdict. In the quotation set out in the appellant's brief appear these three sentences:

"I think that the court should hold as a matter of law that the ownership has been proven. The ownership has been virtually disclosed. We cannot presume that the state owned the property."

What the court in this connection actually said was:

"I think that the court should not hold as a matter of law that the ownership has been proven. The ownership has not been assuredly disclosed. We cannot presume that the state knew who owned the property."

The language as quoted in the appellant's brief conveys the opposite meaning from that actually used by the court. The taking of such liberties with the record cannot be justified.

The judgment will be affirmed.

MORRIS, C. J., HOLCOMB, and PARKER, JJ., concur.

### ON PETITION FOR REHEARING.
[Decided February 29, 1916.]

PER CURIAM.—The attorneys for the appellant in this case have filed a petition for rehearing, in which they request that that paragraph in the opinion which calls attention to the misquotation from the record in the appellant's brief be modified. It is not claimed that the statement in the opinion

is incorrect, either in the quotation from the brief or the quotation from the record. But it is claimed that the facts preliminary to the final certification of the statement of facts are such that the attorneys for the appellant are not blamable for the misquotation that appears in the brief.

The facts are these: During the progress of the trial, and shortly after the trial court had made the ruling upon a motion for a directed verdict or to dismiss, the appellant's attorneys requested from the court reporter a copy of the trial court's remarks in ruling upon the motion, and a copy was soon thereafter furnished. In this copy, the remarks of the trial court are made to appear the same as they appear in the appellant's brief. When the statement of facts was prepared and delivered by the court reporter to the appellant's attorneys, that portion covering approximately two pages embodying the court's remarks was the same as now appears in the record. The attorneys for the appellant, upon discovering this fact, removed these two pages and inserted two other pages, giving the court's remarks as they appeared upon the copy which they received from the stenographer during the trial. In this form the statement of facts was served upon the prosecuting attorney. No amendments were proposed, and in this form the statement was first certified.

After the appellant's opening brief was served, and the statement of facts had been filed in this court, the prosecuting attorney made a motion that the statement of facts be stricken, and in the alternative, that the statement of facts be returned to the superior court of Okanogan county and resubmitted to the trial judge for correction and recertification. This motion was submitted without oral argument, upon affidavits of the respective parties, and resulted in the order directing that the statement of facts be returned to the clerk of the superior court of Okanogan county for correction and recertification. The record as recertified gives the remarks of the trial court in ruling upon the motion for

a directed verdict as stated in the opinion in this case. In other words, the two pages which had been inserted in the statement of facts by the attorneys for the appellant after it was received from the court reporter, and prior to the time it was served upon the prosecuting attorney are eliminated, and in lieu thereof the remarks of the trial court are made to appear in the same form as they appeared when the statement was delivered by the court reporter to the appellant's attorneys.

In the answering brief, the prosecuting attorney called attention to the misquotation in the appellant's opening brief, but did not detail the facts as they appear in the affidavits submitted upon the motion in this court to strike the statement, or in the alternative, to return for correction and recertification. The appellant's attorneys filed no reply brief. The cause upon the merits was not argued orally. The writer of the opinion upon the merits had no knowledge of the motion at the time of the preparation of the opinion, or the record made thereon. The attorneys for the appellant, other than in the affidavits on the motion, had in no manner called attention to the circumstances under which the misquotation in their opening brief occurred. In preparing the opinion upon the merits, the motion to return the statement for correction and recertification, and the affidavits thereon, are wholly irrelevant and immaterial, and would not be examined unless the briefs had called attention to some matter therein that was proper to be considered.

The above statement of the facts is made because the attorneys for the appellant take the position in their petition for a rehearing that the paragraph in the opinion calling attention to the misquotation in the opening brief was unjust and unfair to them.

Petition for rehearing denied.