[No. 13809. Department Two. May 18, 1917.]

THE CITY OF SPOKANE, *Respondent*, v. J. M. KNIGHT,
*Appellant*.[1]

CRIMINAL LAW—VENUE—PROOF. In a prosecution for the violation of an ordinance of the city of S., the venue is sufficiently proved by evidence that defendant was in "the city" and upon certain main streets all of which were in the city, although there was no direct statement that he was in the city of S.

MUNICIPAL CORPORATIONS — STREETS — USE — VIOLATION OF SPEED LIMIT—EVIDENCE—SUFFICIENCY. A conviction of exceeding the city speed limit is sustained by the testimony of an officer as to excessive speed registered by a regularly tested speedometer on his motorcycle, notwithstanding evidence that speedometers are not accurate and get out of order, and the defendant's testimony that his speedometer registered less than the speed limit.

EVIDENCE—JUDICIAL NOTICE—CITY ORDINANCES. In a prosecution instituted in the police court for the violation of a municipal ordinance, pleaded by number and title, and appealed to the superior court, both courts were required to take judicial notice of the ordinance.

TRIAL—MISCONDUCT OF JUDGE—COMMENT ON EVIDENCE. It is not an unlawful comment on the evidence for the court, in overruling a motion to strike certain evidence, to give reasons by means of an illustration which merely indicated that the testimony objected to was not conclusive but was evidence of the fact sought to be proved.

Appeal from a judgment of the superior court for Spokane county, Easterday, J., entered May 20, 1916, upon a trial and conviction of violating a city ordinance. Affirmed.

*Carl W. Swanson*, for appellant.

*J. M. Geraghty, Alex M. Winston*, and *Arthur L. Hooper*, for respondent.

MOUNT, J.—The appellant was convicted upon a charge of exceeding the speed limit in the city of Spokane, in violation of ordinance No. C1832 of that city. He was tried

[1]Reported in 165 Pac. 105.

upon the charge, first, in the police court of that city, and was convicted and sentenced to pay a fine of ten dollars and costs.  He appealed from that judgment to the superior court of Spokane county, and, after a mistrial, was again convicted and sentenced to pay a fine of ten dollars and costs. Upon this appeal, he makes several contentions, which will be noticed in their order.

It is first contended that the venue was not sufficiently proved, by reason of the fact that no witness testified that appellant traveled with his automobile at a speed faster than twenty miles per hour in the city of Spokane.  It is true no witness made the direct statement that, at the time appellant was driving his automobile, he was in the city of Spokane, but a number of witnesses testified that he was in "*the city*" and upon certain streets, naming them, all of which are city streets of the city of Spokane.  This court has held in a number of cases that venue, like any other fact, may be found upon circumstantial evidence.  *State v. Fetterly,* 33 Wash. 599, 74 Pac. 810; *State v. Gilluly,* 50 Wash. 1, 96 Pac. 512; *State v. Kincaid,* 69 Wash. 273, 124 Pac. 684; *State v. Chin Sam,* 76 Wash. 612, 136 Pac. 1146; *State v. Dooley,* 82 Wash. 483, 144 Pac. 654; *State v. Libby,* 89 Wash. 27, 153 Pac. 1058, 155 Pac. 746.

In *State v. Kincaid, supra,* we said:

"There was no direct statement by any witness that the crime was committed in Whatcom county.  The rule, however, is established by overwhelming authority that venue, like other fact, may be found upon circumstantial evidence; and that, where it may be reasonably inferred from the evidence that the crime was committed in the county designated in the information, the venue is sufficiently established."

From the record in this case, it may not be reasonably inferred that the crime was committed in any other place than in the city of Spokane.  The witnesses all assumed that the act was committed within the city of Spokane, and there can be no doubt upon that question.

Appellant next argues that the evidence is insufficient to sustain the verdict, because it does not show that the appellant operated his automobile more than twenty miles per hour. An officer of the city testified, in substance, that he took the speed of the appellant by means of a motorcycle, to which was attached a tested speedometer. That he took appellant's speed from Garfield street to Sherman street, a distance of more than a thousand feet, maintaining an equal speed at a constant distance of about fifty feet behind the appellant, and that his speedometer registered thirty miles an hour. That, between two other streets, upon the same occasion, he took his speed, and that the speedometer on his motorcycle registered twenty-seven miles per hour. This same witness testified that his speedometer had been tested as often as three times a week and was found to be correct. The appellant testified that he had a speedometer on his automobile, which, he testified, was correct, and which showed that he was traveling at less than twenty miles per hour. There was some evidence that speedometers are not accurate and get out of order, and it is argued by the appellant that the officer's speedometer may have been out of order and did not register the speed correctly, but that was a question for the jury. Speedometers, like other machines, may get out of order, but where they are tested regularly, they may be relied upon with reasonable certainty to determine accurately the rate of speed at which a machine is driven. It cannot be said, therefore, that because speedometers may be out of order, rates of speed may not be measured by instruments manufactured for that purpose, and which usually give approximately correct rates of speed. The question was one for the jury.

Appellant next argues that the court erred in taking judicial notice of the ordinance. The ordinance was pleaded in the information by number and title. The case was brought in the municipal court in the city of Spokane.

That court was required to take notice of the ordinance, and the superior court, being a court of appellate jurisdiction in this particular case, was also required to take notice of the ordinance. *Seattle v. Pearson*, 15 Wash. 575; 46 Pac. 1053; *Spokane v. Griffith*, 49 Wash. 293, 95 Pac. 84.

It is next argued that the court erred in commenting upon the facts. After the evidence relating to speed and the speedometer had been introduced, appellant made a motion to strike this evidence, and, after an argument thereon in the presence of the jury, the court said:

"If I want to take something and put it on scales down here, and the scales indicated a certain weight, I would say that that was the weight. Now, of course, I do not verify that. I simply say by the scales. The scales are not always right we know. We know that scales are not always made with accuracy, and some scales are more accurate than others. I will deny the motion."

It is contended by the appellant that this was a comment upon the evidence. The court, when it made this statement, was giving a reason for denying the motion. It was not intending to say that the speedometer was accurate, but was comparing speedometers with weighing scales, as an illustration of the court's holding upon the question of the admissibility of the evidence relating to speed as measured by the speedometer. What the court meant here is evident, and that is, that the weight of an article, as shown by scales, is evidence of the fact of weight, and that, as applied to this case, the rate of speed measured by the speedometer is evidence of that fact. It is not conclusive, but sufficient to go to the jury. We think the statement made was not such a comment upon the facts as would warrant a reversal of the case, even though made in the presence of the jury. The court was not instructing the jury at the time the statement was made. It was simply giving counsel its views upon the question, which had been argued by counsel for both appellant and respondent.

We find no error in the record. The judgment is, therefore, affirmed.

ELLIS, C. J., FULLERTON, PARKER, and HOLCOMB, JJ., concur.