[No. 21170. Department One. August 30, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. DAN
HEPPELL, *Appellant*.[1]

[1] CRIMINAL LAW (180)—EVIDENCE — SUFFICIENCY — TIME OF COM-
MISSION OF OFFENSE. It is a reasonable inference that the testi-
mony of witness as to an offense committed on "June 30," that
the preceding month of June, in 1927, was referred to, where
the trial occurred in November, 1927, upon an information filed
in October, charging the offense on June 30, 1927.

[2] CRIMINAL LAW (180)—EVIDENCE—SUFFICIENCY—PLACE OF OF-
FENSE AND VENUE. The venue of an offense is sufficiently shown
to have been committed in Snohomish county, where it was
shown to have been committed within a mile and a half of the
county seat, and it was a matter of common knowledge that that
must have been within the county boundaries.

[3] EVIDENCE (4-1)—GEOGRAPHICAL FACTS—LOCATION OF BOUNDARIES
—COUNTIES. The courts will take judicial notice of the boundaries
of a county.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered December 3,
1927, upon a trial and conviction of the unlawful pos-
session of intoxicating liquor. Affirmed.

*E. C. Dailey*, for appellant.
*Charles R. Denney*, for respondent.

TOLMAN, J.—Appellant was by a jury found "guilty
as charged" upon an information which set forth:

"They, the said Dan Heppell and Adelore Heppell,
in the county of Snohomish, state of Washington, on or
about the 30th day of June, 1927, did wilfully, unlaw-
fully and feloniously carry about with them, for the
purpose of the unlawful sale of the same, a quantity
of intoxicating liquor, other than alcohol, to wit: moon-
shine whiskey, the same being a liquid containing in-
toxicating properties and capable of being used as a
beverage. . . ."

[1]Reported in 269 Pac. 1046.

From a judgment and sentence on the verdict, this appeal is prosecuted.

The principal arguments advanced here for the purpose of securing a reversal are: (1) that there was no evidence as to when, if at all, the offense was committed; and (2) that there was no evidence that the acts relied upon to prove the commission of the crime occurred in Snohomish county.

The state's evidence as to the time and place may be illustrated by the following quotation from the testimony. The first witness for the state was William Youngblood. After having testified as to his name, the examination proceeded:

"Q. What official position, if any, do you hold in the county? A. Deputy sheriff. Q. And did you hold that position on the 30th day of June? A. I did. Q. Mr. Youngblood, on that day did you, in company with some other deputy sheriffs,—were you out on the Cathcart road? A. I was. Q. Who was along? A. Johnson and Ryan and two special sheriffs from around Darrington, Clark and Jackson. Q. And yourself? A. And myself. Q. Did you drive out there? A. I did. Q. Just describe to the jury where you stopped. A. We stopped at the intersection of the road that leads from the Heppell residence on to the old Cathcart road. Q. Where is the Heppell residence? A. About a mile and a half from Snohomish. I would say it is south of Snohomish. Q. Is it on a slough? A. Yes, it is."

Two other deputy sheriffs testified as to the time and place in practically the same language, as did also two special deputies. Nothing in the cross-examination of either went to the subject of the time or place, and no testimony was offered by the defense which can in any manner aid the state's case in the particulars now under consideration.

It must be borne in mind that the appellant in no way objected to or challenged the sufficiency of this

evidence before the case was submitted to the jury and the verdict returned; so, therefore, the jury found by its verdict of "guilty as charged" that the offense was committed in Snohomish county on or about June 30, 1927, and the question thus presented after the verdict is: Was there evidence, or reasonable inference to be drawn from evidence, as to time and place sufficient to warrant the verdict?

[1] The information was filed October 18, 1927, and the verdict was dated and filed November 10, 1927. The case was tried and the testimony referred to given on November 10, 1927, or earlier. The jury, as reasonable men, knew that, when June 30 was mentioned directly by witnesses for the state, and indirectly referred to by the defense, that some particular June 30 was meant and that there was no dispute between the parties as to the particular June 30. The information was before the jury charging June 30, 1927, and the reasonable inference was that the witnesses all referred to the June 30 so charged. Moreover, since the appellant was taken in the act and was entitled to a speedy trial under the law, as all men know, it was a reasonable inference that the acts testified to as occurring on June 30, occurred on the immediately preceding June 30, which was June 30 of the current year, there being nothing to indicate that a different date was intended.

No case exactly in point has been cited by either side, but in a situation like this where the person charged could have amply protected himself, if in fact he needed protection, by a timely objection to the testimony or a simple motion, and has delayed making any objection until it was too late for the state to amplify its testimony, we are not disposed to interfere. Carelessness is not to be commended, but we think the trend of modern authority is toward condoning or overlook-

ing merely technical omissions which can, in no sense and to no degree, mislead the jury or result in an unjust verdict. See *Wilson v. State,* 2 Ala. App. 203, 56 South. 114; *Fountain v. City of Fitzgerald,* 2 Ga. App. 713, 58 S. E. 1129; *Tipton v. State,* 119 Ga. 304, 46 S. E. 436; *Buie v. State,* 68 Fla. 320, 67 South. 102.

[2, 3] On the question of venue we have no doubt. It is well settled by our own decisions that the courts take judicial notice of the political subdivisions of the state. In many cases it has been held that judicial notice will be taken of the location of a particular city or town in a particular county; and, of course, to do that we must also take judicial notice of the boundaries of the county. Here it appears without question that the offense was shown to have been committed within a mile and a half in a southerly direction from the city of Snohomish. The jury knew, and we know as a matter of common knowledge, that any place within that distance from the city of Snohomish is within Snohomish county. Among our cases which support this view are *State v. Fetterly,* 33 Wash. 599, 74 Pac. 810; *State v. Kincaid,* 69 Wash. 273, 124 Pac. 684; *State v. Dooley,* 82 Wash. 483, 114 Pac. 654; *State v. Libby,* 89 Wash. 27, 153 Pac. 1058, 155 Pac. 746; *Spokane v. Knight,* 96 Wash. 403, 165 Pac. 105; *State v. Williams,* 124 Wash. 160, 213 Pac. 921.

The judgment appealed from is affirmed.

Fullerton, C. J., Parker, Mitchell, and French, JJ., concur.