[No. 28111. *En Banc.* November 16, 1940.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS F. BENNETT, *Appellant.*[1]

[1] Reported in 107 P. (2d) 344.

*George G. Rinier* and *J. W. Selden,* for appellant.

*Thor C. Tollefson, Hugo Metzler, Jr.,* and *Horace G. Geer,* for respondent.

STEINERT, J.—Upon a trial by jury, defendant, Thomas F. Bennett, was found guilty of the crime of inducing a belief that he was engaged in the practice of chiropractic at a time when he was not a licensed practitioner. From a judgment of conviction, he now appeals.

Appellant contends that the court erred (1) in refusing to dismiss the case, or to direct a verdict in his favor, because of insufficiency of the state's evidence; (2) in denying his motions for new trial and in arrest of judgment, on the ground that the state had failed to prove the crime charged; (3) in denying similar motions, on the ground that venue had not been established; and (4) in giving a certain instruction.

The first two assignments of error are argued, and will be considered, together.

Rem. Rev. Stat., § 10099 [P. C. § 636d], makes it unlawful for any person to practice chiropractic in this state unless he shall have obtained a license from the state board of chiropractic examiners. Rem. Rev. Stat., § 10101 [P. C. § 636f], requires that every applicant for a license shall pass an examination given by the

board. Rem. Rev. Stat., § 10109 [P. C. § 636p], reads, in part, as follows:

"Any person who shall practice or attempt to practice chiropractic, . . . or who shall use the title chiropractic, D. C. Ph. C., or any word or title to induce belief that he is engaged in the practice of chiropractic without first complying with the provisions of this act, . . . shall be guilty of a misdemeanor, . . . "

Appellant was accused of having violated Rem. Rev. Stat., § 10109, in that, without first obtaining the necessary license, he used the title "chiropractic, D.C.Ph.C.," upon business cards, in the telephone directory, and upon his office window at 5214 South Tacoma way, thereby inducing the belief that he was engaged in the practice of chiropractic.

It is undisputed that, at the time alleged in the information, and for at least a year prior thereto, appellant did not have the required license.

The evidence in the case, which was adduced solely through the testimony of two inspectors from the state department of licenses, may be summarized as follows: At the time involved in this action, appellant's office was located on the ground floor of a building facing and bordering a street in the business section of South Tacoma. On the front window of the office was a sign bearing an inscription, in letters large enough to be seen from the street, which read: "Thomas F. Bennett, Palmer Graduate, X-Ray, Chiropractic."

On Monday morning, March 4, 1940, the two inspectors visited and interviewed appellant at his office. On entering the reception room of the office, they observed a tray containing appellant's professional cards. Upon the central portion of the cards, two of which appear as exhibits in the case, were printed the words "Thomas F. Bennett, Palmer Graduate, Chiropractor," and upon the four corners of the cards appeared in-

formation relative to appellant's telephone number, address, office hours, etc. While the inspectors were waiting in the reception room, appellant emerged from the private portion of his office accompanied by a lady, to whom he remarked at the time, "I will see you Wednesday."

The city telephone directory in general use at that time contained, in its classified advertisement section, an item reading: "Bennett, Thos. F., X-Ray, Neurocalometer Service, Palmer Graduate, 5214 South Tacoma Way, Telephone, Garland 1329."

Mr. William Lasher, the inspector who conducted the interview with appellant, testified:

"I asked him if he was practicing, and if the wording on the window was still the same and the words in the telephone book and the advertising, and he said it was the same as it had been right along. . . . He [appellant] said he had no license; that he felt it was not necessary; that it was not fair to them to have to pass that examination and that he had never gotten a license."

The other inspector, Mr. Eli L. Duncan, testified:

"Mr. Lasher asked him [appellant] if he was still advertising in the telephone book and practicing the same as he had been, and he told Mr. Lasher he was. Then Mr. Lasher talked to him about his license and he [appellant] said he did not feel like that he needed a license and that in fact he would not accept one if given to him because it would not make him so that he could treat his patients any better. . . . Well, he [appellant] said he did not feel it would make him capable of performing the work any better or that it would add to his certificate from his school, and said, 'That is the only thing that really matters to me.' "

Upon cross-examination, it appeared that, in connection with the same matter, one of the inspectors had called on appellant about a year prior to the instant visit.

At the conclusion of the state's evidence, and without the offer of any evidence by appellant, the case was submitted to the jury upon instructions given by the court.

We are of the view that, upon the evidence, the jury not only could have believed that appellant was engaged in the practice of chiropractic without having a license so to do, but also was clearly warranted in finding, as it did, that appellant had "induced a belief" on the part of the general public that he was engaged in that profession.

■ It is true, as appellant points out, that the inspectors did not see the appellant actually performing any manual operation upon a patient, and that no witness testified that he, or she, had been induced to believe that appellant was engaged in the practice of chiropractic. However, it was not essential that the charge of inducing belief be established by direct evidence. A criminal case, like any other, may be proved by circumstantial evidence, and reasonable inferences have the same probative effect as direct testimony.

"It is a well-settled rule of evidence that any inference which may be reasonably drawn from a fact testified to by a witness is as legitimate evidence as the fact itself." *State v. Brache,* 63 Wash. 396, 115 Pac. 853.

See, also, *State v. Eubank,* 33 Wash. 293, 74 Pac. 378; *State v. Salzman,* 186 Wash. 44, 56 P. (2d) 1005; 20 Am. Jur. 260 *et seq.,* § 273.

■ We have in the case at bar evidence of the following facts: that, for over a year, appellant had been practicing chiropractic; that he maintained an office for that purpose in a business section of the city; that the office was open to the public; that upon the window of the office was a sign indicating the name of the person occupying the office and the nature of the profession practiced by him; and that the telephone

directory in general use, and the cards published by appellant, carried the same information. It was a most logical inference to be drawn by the jury that not only were those things done or provided by appellant for the purpose of inducing the belief, on the part of the public, that he was engaged in the particular profession, but also that his purpose was accomplished. Appellant could not well have maintained an office over so long a period of time unless he had actual or prospective patients; he could not well have gotten patients unless they believed that he was engaged in the profession as advertised by him; and his advertisements could not well have become known to the public unless they were exposed as they were. The facts and circumstances shown were clearly sufficient to warrant the jury in drawing the inferences upon which its verdict was based.

█ Appellant next contends that the testimony did not establish the venue of the alleged crime, in that it was not shown that appellant's office was within the state of Washington, but merely that it was located at a certain address in South Tacoma, Pierce county. The contention is without merit. Venue need not be established by direct testimony. It is sufficient if the evidence shows indirectly or circumstantially that the venue was properly laid. *State v. Fetterly,* 33 Wash. 599, 74 Pac. 810; *State v. Gilluly,* 50 Wash. 1, 96 Pac. 512; *State v. Kincaid,* 69 Wash. 273, 124 Pac. 684; *State v. Chin Sam,* 76 Wash. 612, 136 Pac. 1146; *State v. Dooley,* 82 Wash. 483, 144 Pac. 654; *State v. Libby,* 89 Wash. 27, 153 Pac. 1058, 155 Pac. 746; *Spokane v. Knight,* 96 Wash. 403, 165 Pac. 105; *State v. Williams,* 124 Wash. 160, 213 Pac. 921; *State v. Neadeau,* 137 Wash. 297, 242 Pac. 36; *State v. Heppell,* 148 Wash. 664, 269 Pac. 1046; *State v. Hurlbert,* 153 Wash. 60, 279 Pac.

123; *State v. Tweedy,* 165 Wash. 281, 5 P. (2d) 335; *State v. Hussey,* 188 Wash. 454, 62 P. (2d) 1350.

■ We take judicial notice of the fact that South Tacoma, Pierce county, is located in the state of Washington.

■ Appellant's final assignment of error is based upon an instruction in which the court defined the phrase "inducing a belief that he [appellant] was engaged in the practice of chiropractic" as meaning an act, or acts, from which a reasonably prudent person might infer that appellant was holding himself out to the public as a duly qualified and licensed chiropractor.

Appellant's first criticism of the instruction is that it permitted a conviction on the basis of inferences rather than upon direct evidence. That criticism is disposed of by what has already been said with regard to appellant's first two assignments of error.

Appellant's second criticism of the instruction is that it is inconsistent with another instruction in which the court told the jury that, in order to convict appellant, the state must prove beyond a reasonable doubt that he did actually induce a belief in the minds of the public. The two instructions are not inconsistent. Proof beyond a reasonable doubt may rest upon circumstantial evidence, as well as upon direct evidence.

The judgment is affirmed.

ALL CONCUR.