# State *ex rel.* Nash *v.* Semmes, Judge.

### Prohibition.

(Decided June 10, 1909.   50 South. 120.)

1. *Indictment and Information; Misdemeanors; Dispensing With.* Acts 1907, Special Session, p. 189, is a valid exercise of the powers conferred on the legislature by section 8 of the Constitution of 1901.

2. *Statutes; Title; Sufficiency.*—The title of Acts, 1907, special session, p. 189, is an act to regulate prosecution for violations of prohibition law; the body of the Acts provides that prosecutions may be begun by affidavit and indictment, and that when begun by affidavit, the prosecution will continue thereon, etc.   Held, the act contains but one subject, which is expressed in the title, and hence, does not violate section 45, Constitution 1901.

3. *Same; Enactment; Requisite.*—Acts 1907, special session, p. 189, as passed by the house and senate and signed by the Governor, provides for a jury trial in prosecutions for the violation of a prohibition law, when the defendant filed in the cause the demand for a jury, or where the case is set for trial, such written demand may be made, etc.   The house struck out the word, written, wherever it appeared in the bill, by way of amendment, but the word, written, was in the bill when enrolled and passed by the senate, and signed by the Governor.   Held, that as the law·requires accused to file his demand for a jury, the striking out of the word written adopted by the house by way of amendment did not change the law, and hence, it is not void.

Original petition in the Supreme Court.

Petition for prohibition or other remedial writ by the State, on the relation of Reuben Nash, Jr., against O. J. Semmes, Judge of the City Court of Mobile, to require the latter to strike a case from the docket pending against relator for selling intoxicating liquors.   Petition dismissed.

The facts made by the petition are that a warrant was sworn out before the inferior court of Mobile county, charging petitioner with a violation of the prohibition law; that, when the case was called in the inferior court, petitioner made a demand for trial by jury, whereupon the judge of the inferior court required a bond of petitioner to appear in the city court for trial, and forth-

with transmitted the affidavit and warrant to the city court, where the judge of said city court, which was then in session, caused the same to be placed upon the docket of said court and set the same down for trial—the petitioner all the time insisting that his demand for a jury trial stopped all further proceedings until his case had been investigated by a grand jury and a bill of indictment signed.

WEBB & MCALPINE, for appellant. The Act of November 3, 1907, p. 189, S. S., is unconstitutional; 1st, because the bill as passed by the house, is not the same as the bill that was signed by the governor. The original and technical application of the word filed has long since gone out of use.—51 Ala. 69. As we are considering the act as passed by the house, it is proper and necessary to look at what was done there.—*Jones v. Hutchinson,* 43 Ala. 721; *Moog v. Randolph,* 77 Ala. 599; *Henderson v. The State,* 94 Ala. 96; *Wilson v. Duncan,* 114 Ala. 688; *Montgomery B. B. Works v. Gaston,* 126 Ala. 444. The house did not intend by the Act to require a written demand to be filed for a jury, and the word, filed, was originally left in the bill as passed by the house.—*Thompson v. The State,* 20 Ala. 54; *Cocciola v. Wood-Dickerson S. Co.,* 136 Ala. 536; *Moss v. Mosely,* 41 South. 1023. It is further contended that the act violates section 45, section 8, section 270, section 10, Constitution 1901, but no authorities are cited to support such contention.

NICHOLAS E. STALLWORTH, for appellee. The Act contained but one subject which is germane to the title.—*State v. Street,* 117 Ala. 203. Legislative enactments are presumed constitutional until the contrary appears.—*State v. Skeggs,* 46 South. 207. The law signed by the presiding officer of the two houses, and the governor is

presumed to be that passed by both houses until the contrary affirmatively appears from the journals.—*Ex parte Howard-Harrison I. Works*, 119 Ala. 484. The courts take judicial notice of the journal.—*Moog v. Randolph*, 77 Ala. 594. In order for a variation to effect the constitutionality of the act, it must be material.—*Dunnelly's Case*, 78 Ala. 453; *Stein v. Leeper*, 78 Ala. 521. Where the language used in the act is plain and unambiguous there is no room for construction.—*Hilliard's Case*, 100 Ala. 634; *Reese's Case*, 73 Ala. 18. The courts endeavor to arrive at the meaning of the words, actually employed.—*Sykes' Case*, 67 Ala. 77; *Maxwell's Case*, 89 Ala. 150; *Joseph v. Randolph*, 71 Ala. 499.

ANDERSON, J.—Section 8 of the Constitution of 1901 authorizes the Legislature to dispense with indictments in cases of misdemeanor and to provide for the prosecution of same before justices of the peace or such other inferior courts as may be established. Acts 1907 (Special Acts) p. 189, dispenses with indictments for the violation of the prohibition law, and, if said act is valid, the defendant could not complain because of being prosecuted without indictment.

It is insisted that this act is void because violative of section 45 of the Constitution. We think the subject of the act, as expressed in the title and as dealt with in the body of the act, contains but one subject, and which is clearly expressed.

It was further urged that the act is void because, as passed by the Senate and signed by the Governor, it is not the same law as was passed by the House. It does appear that, when the bill was being considered by the House, and before the passage of same, an amendment was offered and adopted striking out the word "written" wherever it occurred, and that the word "written" was in the bill (line 21 from top, and preceding demand)

when enrolled and passed by the Senate and when signed by the Governor. The amendment, as offered and adopted by the House, did not operate to change the law in the slightest, and the bill as amended, by the House and passed by the Senate and signed by the Governor, was in substance and effect the same bill as passed by the House, as the word *"written,"* whether in or out, makes no material change, and its omission or addition would not amount to an amendment although it was stricken, by what may be termed an "amendment." The bill, as it passed both branches and as signed by the Governor, provided for a jury trial when "the defendant filed in the cause a demand for a jury * * * or where the case is set," etc., *"such written demand may be made,"* etc. (Italics supplied.) Strike the word "written," and the bill requires the "filing" of a demand in the cause, and subsequently provides that such demand may be made and "filed." The bill requires the demand to be "filed" in either event, and it is impossible to file an oral demand. So with the word "written" stricken, as was intended, by Mr. Pitts, of Dallas, the law would still require the defendant to file his demand, and which must be a written one in order that it can be filed.

The other questions disclosed by the record go to the validity of another law and to questions which might arise upon the trial, upon the merits, but which do not go to the validity of the act in question, and can have no influence upon the action of the judge of the city court, in refusing to strike the cause from the docket or in prohibiting the trial of the cause without an indictment.

The relief sought by the petitioner is, accordingly, denied, and his petition is dismissed.

Petition dismissed.

SIMPSON, DENSON, and MAYFIELD, JJ., concur.