# State *ex rel.* Garber, Attorney General, *v.* Semmes, Judge.

*Mandamus.*

(Decided June 30, 1909.　50 South. 351.)

*Indictment and Information; Dispensing With; Necessity of Indictment.*—General Acts 1907, Special Session, page 189, does not dispense with the necessity for indictment in prosecution for giving away to induce trade, furnishing at public places, or otherwise disposing of intoxicating liquors, since the sale, barter or exchange of same does not necessarily include the giving away to induce trade, furnishing at public places, etc.

Original petition in the Supreme Court.

Petition by the state on the relation of the Attorney General for mandamus or other remedial writ directed to O. J. Semmes, Judge of the City Court of Mobile. Petition denied.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for the State. Mandamus is a remedial writ granted where there is a specific legal right and there is no other adequate legal remedy.—*Ex parte Merritt,* 142 Ala. 115; *Ex parte State, ex rel. Stowe,* 51 Ala. 69; *Ex parte Lowe,* 20 Ala. 330. The act of the General Assembly of 1907, Special Session, p. 187, applies to all prosecutions begun under the general prohibition act and dispenses with the necessity for indictment. The state has no remedy other than mandamus to review the action of the judge in striking the case from the docket, and the writ should be granted.—*Ex parte Jones,* 113 Ala. 212; *Ex parte Campbell,* 130 Ala. 196; *Ex parte Woodruff,* 123 Ala. 99; *Ex parte Thornton,* 46 Ala. 384.

[State, ex rel. Garber, Attorney General v. Semmes, Judge.]

S. H. BAILEY, and WEBB & McALPINE, for appellee. Counsel discuss the constitutionality of the act without discussing its application to the case stricken.

ANDERSON, J.—In the recent case of *Nash ex rel. v. Semmes, supra,* 50 South. 120, we held that the Constitution authorized the Legislature to dispense with indictments in prosecution for misdemeanors, and that Acts Sp. Sess. 1907, p. 189, was not subject to certain constitutional infirmities suggested and argued in brief of counsel for the petitioner, Nash. This case, however, as indicated by the respondent's answer and the brief of counsel, presents a question not argued in the brief in the *Nash Case, supra.*

Acts 1907, Sp. Sess., p. 189, purports both by the title and the body to dispense with indictments only in prosecutions for the "sale, barter or exchange of intoxicating liquors." It does not dispense with indictments in prosecutions for giving away to induce trade, furnish at public places, or otherwise dispose of same. Sales, barters, and exchanges do not necessarily include "giving away, furnishing at public places or otherwise disposing of liquors," etc. The act does not, therefore, dispense with an indictment when a defendant is prosecuted for giving away or otherwise disposing of liquors, as it is confined in operation to "sales, barter or exchange." The affidavit, in the case at bar, charges the defendant with "giving away, furnishing at a public place, or otherwise disposing of liquor," etc., in addition to selling, bartering, or exchanging same; and this defendant, being thus charged, was entitled to an indictment before being put to trial upon the charge preferred against him, and the judge of the city court properly struck the case from the trial docket. It may be that the Legislature desired to dispense with indictments in prosecu-

[Ex Parte State ex rel Higdon.]

tions for all violations of the state-wide prohibition law; but such an intention cannot be gathered from the language of the act. The act in question does not specifically refer to the state-wide law, if such could make it applicable, under section 45 of the Constitution, which is doubtful, but which point we need not decide, as it only attempts by reference or otherwise to dispense with indictments for prosecutions for a "sale, barter or exchange."

The mandamus is denied.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.