# Walker *v.* The State.

## *Violating Prohibition Law.*

### (Decided Jan. 13, 1910 —51 South. 357.)

1. *Intoxicating Liquors; Prosecution for Sole; Jurisdiction to Try.*—If an officer has no jurisdiction independent of the act (General Acts 1907, p. 190, S. S.), to finally dispose of a prosecution under such act, he did not derive such power from the act although the act gives justices of the peace authority to take affidavit and issue warrant thereunder, and futher dispenses with the necessity for an indictment and permits trial to be had without a jury under certain conditions.

2. *Criminal Law; Former Jeopardy; Plea.*—A plea of former jeopardy should show that the defendant had been acquitted or convicted before a court of competent jurisdiction, and failing therein, is demurrable.

APPEAL from Pickens Circuit Court.

Heard before Hon. A. H. ALSTON.

Sam Walker was convicted of selling intoxicating liquor without a license and of otherwise disposing of the same, and he appeals. Affirmed.

The plea is as follows: "Defendant says he has been in jeopardy for the offense of which he is now charged in this indictment, and that about September 11, 1908, before W. S. Walker, a qualified justice of the peace in and for said state of Alabama and county of Pickens, and in said court, defendant was in due form arraigned and pleaded to the said offense charged, which was in substance as follows: (Here follows the affidavit and warrant issued by W. S. Walker, a justice of the peace, charging the defendant with selling whisky without a license.) And that the defendant was thus put upon trial for such offense, and after he had pleaded to the same, and was thus put in jeopardy, that said justice of the peace then and there failed, declined, or refused to

[Walker v. The State.]

take jurisdiction of the said offense, as he had the legal right to do, and to acquit or convict this defendant, but, instead, required defendant to give and enter into a bond. for his appearance at the circuit court of said county to answer an indictment for the said offense as charged, to be preferred by the grand jury of said county, all of which the defendant is ready to verify." The demurrers raised the points decided.

CURRY & ROBINSON, for appellant.—The sole question in this case is whether or not the general prohibition law of 1907, confers upon justices of the peace jurisdiction to finally determine the question of guilt or innocence on a prosecution begun by affidavit before him. This question must be answered in the affirmative when all the provisions of the act are taken into consideration.—*Woodruff v. Stewart*, 63 Ala. 211; *Pullman, etc., Co. v. Harrison*, 122 Ala. 157; *Lamar v. Gunter*, 39 Ala. 324; *Goodman v. Winter*, 64 Ala. 410; *Hunt v. Hunt*, 72 N. Y. 229.

ALEXANDER M. GARBER, Attorney General, for the State.—The demurrer was properly sustained to the plea because the plea was insufficient in itself.—*Baysinger v. The State*, 77 Ala. 60. This act does not confer original jurisdiction on justices of the peace unless they had it at the time of the passage of the act, and the plea therefore failed to show a conviction by a court of competent jurisdiction.—*State ex rel. Nash v. Semmes*, 50 South. 120; *State ex rel. Atty. Gen. v. Semmes*, 50 South. 351.

ANDERSON, J.—The act (Acts 1907; [Sp. Sess.] p. 190) did not increase the jurisdiction of justices of the peace. Its object is to dispense with indictments for

the sale, barter, or exchange of liquor, and to dispense with jury trials, when not demanded under the provisions of same. It is true it requires that the prosecution must proceed upon the affidavit upon which the prosecution was originally begun; but that does not mean that the officer before whom the affidavit is made is given jurisdiction to finally dispose of the case, if he did not so have independent of the act. The word "magistrate" is used in the latter part of the act; but he is merely given the right to examine witnesses, etc., and forward the testimony to the court which has jurisdiction to try the case, and it was not the legislative purpose to confer jurisdiction, not then existing, upon any officer. This act has been construed in the case of *State ex rel. v. Semmes,* 162 Ala. 187, 50 South. 120 and 351, but not upon this point.

As the justice, referred to in defendant's plea, did not have jurisdiction to try the case, the plea, if not bad for other reasons, was defective in not showing that the defendant had been convicted or acquitted in a court of competent jurisdiction, and the trial court properly sustained the demurrer to same.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.