# Wilson *v.* The State.

*Violating Prohibition Law.*

(Decided June 15, 1911. 56 South. 114.)

1. *Continuance; Grounds for.*—An accused is not entitled to a continuance merely because the official stenographer absented himself without cause, and without supplying anyone to take his place, and no other stenographer being within reach, notwithstanding Acts 1909, p. 264, requires the official stenographer to make a report of the testimony of witnesses.

2. *Intoxicating Liquors; Instructions.*—Where the defendant testified without objection that he was requested to procure the whisky that part of the oral charge of the court instructing the jury to consider the statement of the witness as to defendant's being requested to get whisky, in connection with the other evidence, in arriving at a conclusion as to whether it was whisky that was procured was proper.

3. *Limitation; Statutes; "Short Time Before."*—Where the defendant was indicted for illegally selling whisky and a witness testified that he purchased the whisky a short time before the grand jury returned the indictment against the defendant in this case, it became a question for the jury as to whether the offense was committed within twelve months and it could not be said as a matter of law that the prosecution was barred under section 7344, Code 1907.

[Wilson v. The State.]

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

From a conviction for violating the prohibition law Taz Wilson appeals. Affirmed.

S. W. FRIERSON, for appellant. The case should have been continued in the absence of the stenographer. Acts 1909, p. 264. Counsel discusses the assignments of error relative to evidence, but without citation of authority. Counsel insists that the defendant was entitled to the affirmaive charge because it is not shown that the offense was committed within twelve months before the finding of the indictment. Sec. 7347. Code 1907. *Armistead v. The State,* 43 Ala. 340.

R. C. BRICKELL, Attorney General, for the State.

PELHAM, J.—The official court stenographer not having been in attendance upon the trial of the case, the defendant objected to the examination of witnesses or proceeding with the case without having a report of the testimony of the witnesses by the court reporter, or a competent assistant. The presiding judge informed the defendant's counsel making the motion that the regular court stenographer was absent, that he had absented himself without making or sending an excuse and had failed to provide an assistant, that the court was without authority in law to supply an official stenographer, and that there was no stenographer accessible even if the court had the authority to supply the place. The law requiring an official stenographer (Acts 1909 [Sp. Sess.] p. 264) to take a report of the testimony of witnesses upon the request of any party to the case does not contemplate that a stenographer by simply absenting himself can clog the wheels of justice, stop the proceedings of

the court, and force an adjournment, or even the continu-
ance of a case regularly called for trial. Upon a party's
request, it is the duty of the judge to require the steno-
grapher to take full stenographic notes of the trial, and
an abuse of the court's authority in giving the proper di-
rection and providing for a full report by the steno-
grapher might well be considered a denial of the defend-
ant's rights and such an error upon the part of the court
as to work a reversal of the case; but, under the facts
presented by the case under consideration, the court was
without means or authority to supply the place of the
official stenographer, who seems to have failed to attend
the session of the court without knowledge or fault to
be imputed to the judge and without giving an excuse or
supplying his place. Under such circumstances, the pre-
siding judge properly required the business of the court
to proceed in the absence of the stenographer.

The oral charge of the court, taken as a whole, is a suf-
ficiently accurate statement of the rules of law applic-
able to the evidence. That part of the charge to which an
exception was reserved was no more than an instruction
to the jury to consider the statement of the witness in
reference to the defendant's being requested to get
whisky in connection with the other evidence in the case
in arriving at a conclusion as to whether or not it was in
fact whisky that was procured—an instruction that was
entirely proper and one the court had a perfect right to
give as applicable to the evidence; besides, the defend-
ant had testified, without objection, that it was whisky
he asked for, and there was no real contradiction in the
evidence as to its having been whisky.

Defendant insists that the court erred in refusing the
general affirmative charge requested by defendant be-
cause the commission of the offense is not shown to have
been within the punishable period. The prosecution

must have been commenced within 12 months next after
the commission of the offense (Code 1907, § 7347), and
the indictable act must be shown to have been committed
within the time prescribed. The only witness examined
in behalf of the state testified he bought a pint of whisky
from the defendant for 75 cents "a short time before the
grand jury returned the indictment against the defend-
ant in this case." The only other witness examined was
the defendant, who testified in his own behalf in refer-
ence to the transaction, not denying that he met the
state's witness at the time and place testified to by him
and received the money and got the whisky and delivered
it to the state's witness, but further testifying that he got
the whisky from "Arthur Turner's." The use of the ex-
pression "a short time before the grand jury returned
the indictment" must be construed in the connection in
which it was used, to arrive at the true import and mean-
ing of the words. "A short time before," used in some
connections, might cover a much longer period or dura-
tion of time than when used in others. The meaning of
the words must generally be derived from their context,
and expressions depend for their meaning upon the con-
nection in which they are used, varying greatly under
the different circumstances and conditions surrounding
their use. The expression "a long time" would refer to
a very different period or duration, and have a widely
different meaning in measuring time when used by an
archæologist having reference to the period of existence
of the Egyptian pyramids, than when used by Carolina
Governors with reference to the time between drinks.
When a witness, in narrating the circumstances con-
nected with the purchase by him of a pint of whisky, re-
fers to it as "a short time," the expression in that
connection could not reasonably be taken to refer to so
long a period of time as 12 months, and would probably

be taken to mean a much shorter time, and the jury, in weighing the evidence before them, might well have considered this proof sufficiently definite and certain as to time to bring the offense well within the punishable period. The attention of the trial court was not otherwise directed to the contention made here that the venue as to time was not proven, except by requesting the general charge, and from what we have said it will be seen there was no error committed in its refusal.

We find no error in the record, and the judgment of the court below is affirmed.