(101 So. 85)

PERKINS v. STATE. (6 Div. 396.)

(Court of Appeals of Alabama. June 24, 1924.)

1. Criminal law ⊙⇒510½—Description of still place by witnesses taken there by accomplice held admissible to corroborate his testimony.

In prosecution for manufacturing prohibited liquors, accomplice's testimony that he had taken several parties to still place recently. after manufacturing, and their testimony describing place, *held* admissible to corroborate his testimony.

2. Criminal law ⊙⇒351(10)—Accomplice's testimony as to defendant's offer of money and automobile to absent himself from court held relevant.

In prosecution for manufacturing prohibited liquors, accomplice's testimony that defendant offered him money and automobile to absent himself from court *held* relevant as tending to prove consciousness of guilt.

3. Criminal law ⊙⇒511(2)—Testimony corroborating accomplice's testimony held not evidence connecting defendant with offense.

Testimony corroborating accomplice's testimony as to defendant's offer of money and automobile to absent himself from court *held* not evidence tending to connect defendant with commission of offense within Code 1907, § 7897.

Appeal from Circuit Court, Fayette County; Ernest Lacy, Judge.

Hol Perkins was convicted of manufacturing prohibited liquors, and appeals. Reversed and remanded.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

Corroborative evidence, though slight, is sufficient; credibility and probative force being for the jury. Horn v. State, 15 Ala. App. 213, 72 South. 768. The corroborative evidence here was admissible. Code 1907, § 7897; Ross v. State, 74 Ala. 532; Bufford v. State, 14 Ala. App. 69, 71 South. 614; Demp-

sey v. State, 15 Ala. App. 199, 72 South. 773; Britton v. State, 15 Ala. App. 584, 74 South. 721; Palmer v. State, 15 Ala. App. 262, 73 South. 139.

SAMFORD, J. [1] The state, by an accomplice, proved the corpus delicti and the guilty agency of defendant. The remainder of the state's testimony was confined to a corroboration of the principal state's witness. For this purpose it was relevant for the state to show by the accomplice that he had taken several parties to the still place recently after the manufacturing had been done, and for those witnesses to testify as to a description of the place.

[2, 3] George Brand, admittedly an accomplice, testifying for the state, stated, that, at a time while this prosecution was pending, and about a month and a half before the term of the court then in session, defendant offered him money and a Ford car to absent himself from the court. This was relevant testimony tending to prove a consciousness of guilt as to the crime charged. 4 Mich. Dig. p. 132, par. 205 (5) ; 13 Mich. Dig. 662, par. 205 (5). As to this fact there was testimony tending to corroborate the witness Brand, but this is not such evidence tending to connect the defendant with the commission of the offense as is contemplated by section 7897 of the Code of 1907.

The defendant was entitled to the general charge, and for the refusal of the court to give it the judgment is reversed, and the cause is remanded.

Reversed and remanded.