(101 So. 158)

### BELL v. STATE. (4 Div. 925.)

(Court of Appeals of Alabama. July 22, 1924.)

1. **Intoxicating liquors** �köô236(19)—Testimony that still parts can be used as a part of a still established prima facie case for possessing still.

In a prosecution for possessing a still, testimony of state's witness that a can and worm found in defendant's actual possession when caught "can be used as a part of a still for the making or manufacture of whisky" established a prima facie case under Acts 1919, p. 1086, being synonymous with "suitable to be used in the manufacture," etc.

2. **Intoxicating liquors** ⊚238(2)—Whether defendant found still parts while fishing held for jury.

In prosecution for possessing a still found in his actual possession, whether defendant found such still and worm while fishing, and

was carrying them back to show that he had found a still, was for the jury.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Bascom Bell was convicted of possessing a still, and appeals. Affirmed.

McDowell & McDowell, of Eufaula, for appellant.

To show a violation of the act, the state must show that the articles are generally used or suitable to be used, for the manufacture of prohibited liquors. Newt Wilson v. State, 2 Ala. App. 203, 56 South. 114.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The unexplained possession of any part of a still or any part capable of being used as such is prima facie evidence of a violation of the law. Acts 1919, p. 1086, § 2.

BRICKEN, P. J. Under the undisputed evidence in this case this defendant when caught by the officers had in his actual possession a can (termed a still by the witnesses) and a copper worm, both of which smelled like whisky, and he also had in his possession a jug of whisky which he broke when he was about to be captured, he having run from the officer who was in pursuit.

[1] As to the can and copper worm found in possession of defendant, state witness Brannon testified:

"That can is what they use for stills. That rod is a part of a still, and it can be used as a part of a still. Those things can be used as a part of a still for the making or manufacturing of whisky."

In our opinion this evidence meets the requirements of section 2 of the act of the Legislature approved September 30, 1919 (Acts 1919, p. 1086), which establishes a rule of evidence necessary to make out a prima facie case of the offense denounced by section 1 of said act. We think the expression "can be used for making or manufacturing whisky" is synonymous with and means the same as being "suitable to be used in the manufacture," etc. Newt Wilson v. State, 2 Ala. App. 203, 56 South. 114.

[2] In this case the defendant undertook to explain his possession—and this the law allows. In this connection he testified that he found the still can, the worm, and the jug of whisky, while fishing, and was carrying them back to show that he had found a still. The truth of this statement, and the question as to whether or not it was a satisfactory explanation of his possession of said part or parts of a still, was for the jury. This question the jury determined adversely to the defendant, which they were authorized to do, and the evidence adduced upon the trial was ample to support the verdict of the jury and to sustain the judgment pronounced.

None of the exceptions reserved to the rulings of the court pending this trial contain merit. The court's rulings in each instance were free from error. The record contains no error. Let the judgment appealed from stand affirmed.

Affirmed.