**DICKERSON v. STATE.** (4 Div. 263.)

(Court of Appeals of Alabama. Jan. 18, 1927.)

**1. Criminal law 351(10)—Conversation between defendant and another held admissible to show offer of money to obstruct justice in liquor prosecution.**

In prosecution for manufacturing prohibited liquor, conversation between defendant and another person indicted for the same offense held admissible to show that defendant offered money to other person in effort to obstruct justice in instant case.

**2. Criminal law 814(16)—Refusal of charge that jury might disregard conversation of defendant if not voluntary held refused without error, where conversation was not shown to be otherwise.**

Charge that jury might give no weight to conversation between defendant, charged with manufacturing prohibited liquor, and another, indicted for the same offense, if jury was not satisfied that the conversation was voluntary and intelligently made, held abstract and refused without error, where there was no evidence that the conversation was not voluntary or not intelligently made.

**3. Criminal law 785(3)—Instruction on credibility of witnesses held properly refused as argumentative.**

In prosecution for manufacturing prohibited liquor, held that court refused without error, because argumentative, instruction that jury, in determining what credulity to give state's witnesses, should consider any bias in

favor of state or prejudice against defendant, or any interest in favor of state, under evidence and in view of conduct of witnesses on stand, and that jury might discard entire testimony of witnesses who intentionally withheld evidence or falsely stated material fact to be within their knowledge.

**4. Criminal law ⬅➡789(15)—Instruction to acquit if jury had reasonable supposition that defendant was not guilty held properly refused.**

Instruction, that "if upon all the evidence the jury have a reasonable supposition that the defendant is not guilty they must acquit him," *held* properly refused.

**5. Intoxicating liquors ⬅➡233(2)—Testimony that apparatus was complete still suitable for making whisky and found in defendant's possession held admissible.**

In prosecution for manufacturing prohibited liquor, *held* that witness was properly allowed to identify apparatus as still found in defendant's possession and to testify that it was a complete still suitable for making whisky.

**6. Witnesses ⬅➡374(1)—Testimony to application for pardon or parole of state's witness' husband charged with same offense held inadmissible.**

In prosecution for manufacturing prohibited liquor, testimony to application for pardon or parole of another charged with same offense *held* properly excluded, though other's wife was witness for state, there being no facts to show relevancy of testimony.

**7. Witnesses ⬅➡306—Privilege against self-incrimination is personal to witness.**

Privilege of witness of refusing to testify because answers would tend to incriminate him is personal to the witness and may not be invoked by the defendant.

**8. Criminal law ⬅➡351(10), 406(5)—Defendant's proposal that another take responsibility held relevant, both as admission and as effort to obstruct justice.**

In prosecution for manufacturing prohibited liquor, evidence of proposal by defendant to another charged with same crime that latter take entire responsibility for crime and that defendant would pay him $100 *held* relevant both as statement tending to admission of guilt and as effort to obstruct justice.

**9. Criminal law ⬅➡351(10)—Effort to obstruct justice may always be shown against defendant.**

Evidence of effort to obstruct justice is always admissible against a defendant charged with crime.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Sherman Dickerson was convicted of manufacturing prohibited liquor, and he appeals. Affirmed.

The following charges were refused to defendant:

1. "If the jury are not reasonably satisfied from the evidence that the conversation by defendant in the jail to which witness Teal testified was voluntary, and that it was intelligently made, it is their privilege to reject that conversation as entitled to no weight in passing on the issue of defendant's guilt or not."

2. "It is the duty of the jury in determining what credulity they will give to the testimony of any witness or witnesses in this case who have testified for the state to consider any bias in favor of the state or ill will or prejudice against the defendant, or any interest in the case in favor of state which under all the evidence and in the light of the conduct of such witness or witnesses upon the stand the jury shall find to exist; and if the jury shall so find that any one or more of the state's witnesses are under the influence of such bias in favor of the plaintiff or prejudice or ill will against the defendant or interest in the case in favor of the state as has caused such witness or witnesses willfully and intentionally to withhold from the jury any fact within their knowledge which is legal evidence in this case, or as has caused such witness or witnesses willfully and intentionally to state any material fact as being within their knowledge which the jury believe is not within their knowledge, then the jury may discard the entire testimony of such witness or witnesses."

3. "If upon all the evidence the jury have a reasonable supposition that the defendant is not guilty, they must acquit him."

Sollie & Sollie, of Ozark, for appellant.

Charge 1, requested for defendant, should have been given. Goodwin v. State, 102 Ala. 87, 15 So. 571; Young v. State, 68 Ala. 569; Coleman v. State, 10 Ala. App. 164, 64 So. 529; Bonner v. State, 55 Ala. 242. Charge 2 is not covered by the oral or given written charges, and its refusal was error. Testimony as to a conversation between defendant and McGlonn was patently illegal, and its admission was prejudicial to defendant. Mathews v. State, ante, p. 173, 106 So. 206.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1-4] For convenience we have numbered the refused charges 1, 2, and 3. The statement testified to by the witness Teal, as to what was said between the defendant and Charlie McGlonn, a party indicted for the same offense of which defendant was being tried, was admissible in evidence as tending to prove that defendant had offered money to Charlie in an effort to obstruct justice in this particular case. There was no evidence that the statement was not voluntary or that it was not intelligently made; hence refused charge 1 is abstract. Refused charge 2 is argumentative. Refused charge 3 has been frequently condemned.

---

[5] It was competent for the witness Thompson to identify a still or apparatus as being the still found in defendant's possession and to further testify that it was a complete still and suitable for making whisky.

[6, 7] Whether application for pardon or parole had been made for Charlie McGlonn or not was immaterial to any issue in this case. This fact without more could not tend to bias the testimony of McGlonn's wife, who was testifying for the state, and defendant did not inform the court of any fact or facts which would have connected such testimony so as to make it relevant. The court properly sustained the state's objection to questions seeking to prove the application for pardon or parole for Charlie McGlonn. The privilege of refusing to testify in a case because his answers would tend to incriminate him is personal to the witness, to be invoked at his instance and not by the defendant.

[8, 9] The proposal made by defendant to McGlonn, in the jail, that McGlonn should take the entire responsibility for the crime of which he and defendant were both charged and that defendant would pay him $100 was relevant, not alone as a statement tending to an admission of guilt, but as an effort to obstruct justice, which is always admissible as a circumstance against defendant. The statement in the Mathews Case (Ala. App.) 106 So. 206,[1] was entirely different from the statement here.

We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed.

