(131 So. 2)

## HILL v. STATE.
### 4 Div. 723.

Court of Appeals of Alabama.
Nov. 25, 1930.

E. C. Orme, of Troy, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The evidence tends to prove the state's case, and is sufficient to support the verdict rendered.

Upon a recall of state's witness Fitts, he was asked if the parts composing the complete still were suitable for the purpose of manufacturing prohibited liquors.

This testimony was not necessary, and added nothing to the state's case. The testimony was undisputed that there was a complete still set up filled with beer made from sugar and shorts and "ready to run." It was competent for the witness to testify that the parts of the still when connected were suitable for manufacturing whisky. Bell v. State, 20 Ala. App. 150, 101 So. 158; Dickerson v. State, 21 Ala. App. 631, 111 So. 190. If there was error in permitting this witness to testify that the parts were suitable for making whisky because of a failure to qualify as to knowledge on the subject, such error was without injury to this defendant, for the reason that the conviction did not depend upon testimony as to the parts, but on the possession of a complete still, the existence and location of which is not denied.

There is no error in the record, and the judgment is affirmed.

Affirmed.