199 So. 736

## HOLMES v. STATE.
### 7 Div. 491.

Court of Appeals of Alabama.
Jan. 14, 1941.

595

Thos. S. Lawson, Atty. Gen., and Clarence M. Small and John W. Vardaman, Asst. Attys. Gen., for the State.

Jas. L. Carter, of Anniston, for appellant.

SIMPSON, Judge.

Section 8598, Code of 1923, promulgates the method of obtaining jury and nonjury trials in all misdemeanor cases in the circuit court. This statutory prescription is exclusive and also comprehends misdemeanor prosecutions for violation of the prohibition law. Kreutner v. State, 202 Ala. 287, 80 So. 125. If the cause is sounded within thirty days after the defendant has been arrested, or taken into custody after the finding of the indictment, written demand for a jury must be filed with the clerk of the court on or before the first sounding of the cause.

The procedure for setting criminal cases for trial in the circuit court and the concomitant right of the defendant after the docketing of the cause appear in Sections 5565 and 5566, Code, supra.

The docketing of the instant case and subsequent trial of the appellant were in

596

accordance with the foregoing provisions of law and the insistence of appellant to the contrary is not well taken.

 A conviction or acquittal, in order to constitute a valid plea of former jeopardy, must have been in a court of competent jurisdiction. A justice of the peace does not have final jurisdiction in prosecutions for violation of the prohibition laws of the State, and conviction of the appellant in such a court—if the prosecution there were genuine and bona fide —was no bar to a proper indictment and prosecution for such offense in the circuit court. McCrosky v. State, 17 Ala.App. 523, 87 So. 219, certiorari denied 204 Ala. 677, 87 So. 221; State v. Bush, 12 Ala.App. 309, 68 So. 492; Walker v. State, 165 Ala. 96, 51 So. 357. The action of the trial court, therefore, in holding to be improper the plea of autrefois convict of the defendant, was correct.

Appellant was tried and convicted in the Circuit Court of Talladega—a dry—County for having in possession, illegally, prohibited liquor. The uncontradicted evidence was that there was found at the home of appellant a great quantity of whiskey in pint and half pint bottles, variously branded. At the time of the raid by officers of the law, members of his family were there, but the appellant (defendant) was not. However, the following day, the appellant, and others, including an accommodating neighbor to swear out the warrant, went before a justice of the peace—presumably in order to defeat or avoid a proper prosecution of the offense in the circuit court—to be tried and if adjudged guilty to "pay off." The further uncontroverted evidence, positive and clear, is that appellant made a voluntary admission or statement before the justice of the peace at this time that the whiskey thus found at his home was his own and that no one else owned or had any interest therein. The defendant elected not to introduce any testimony, all of the foregoing having been presented by the State. Under this state of the evidence, in the trial in the circuit court, both parties rested and each respectively requested, in writing, the general affirmative charge. Such a charge was given for the State and refused to the defendant. Propriety of this action is one of the controlling questions presented by this appeal.

 Where the evidence is clear, positive and without dispute in proof of every element of the offense, the general affirmative charge for the State may properly be given, although the courts view with disfavor the giving of such charge. The charge must be requested in writing and hypothesized upon belief in the evidence beyond a reasonable doubt. Ex parte Grimmett, 228 Ala. 1, 152 So. 263; Martin v. State, 3 Ala.App. 90, 58 So. 83; Bowden v. State, 19 Ala.App. 377, 97 So. 467; McCleskey v. State, 28 Ala.App. 97, 179 So. 394.

 The present case meets the test ruled by these authorities, and the lower court should not be placed in error for giving the charge. The evidence was positive, clear and convincing to sustain every element of the offense charged, and it was without dispute. We therefore hold that the giving of such charge, duly requested, was proper.

 The conduct of the defendant, his demeanor, his attitude and relations toward the crime are relevant, as well as his voluntary admission of guilt, oral or written. Any statement or conduct indicating a consciousness of guilt, where at the time or thereafter he is charged with or suspected of crime, is admissible as a circumstance against him on his trial. Montgomery v. State, 17 Ala.App. 469, 86 So. 132; Jones v. State, 181 Ala. 63, 61 So. 434. Likewise, evidence of an effort of the defendant to obstruct justice is always admissible as a circumstance against him, Dickerson v. State, 21 Ala.App. 631, 111 So. 190, as are facts and circumstances evidencing a consciousness of guilt, Perkins v. State, 20 Ala.App. 113, 114, 101 So. 85.

 For all of the foregoing reasons do we hold that the evidence adduced for the State, of the acts and conduct of the defendant and others, all being present, in organizing and executing the trip to the justice of the peace, where an attempt was made to "settle" for the crime in order to toll a proper prosecution of the offense in the circuit court, was relevant.

This court has considered carefully the entire record and given attentive consideration to the brief of able counsel for appellant. The entire case considered, it is our opinion that reversible error is not shown and that affirmance of the judgment below is due.

Affirmed.