135 So.2d 169

**James W. PARKER, alias**

**v.**

**STATE.**

**8 Div. 793.**

Court of Appeals of Alabama.

Nov. 21, 1961.

Ralph E. Slate, Decatur, for appellant.

**464**

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

Convicted under the felony charge of possessing a still, Parker appeals.

The evidence for the State as it tended to support the verdict was:

Four officers saw Parker at a still site near Valhermosa Springs in Morgan County. He came alone to a pot which was being tended by three men.

This pot was described as a sort of large trough about six feet long and four feet wide with aluminum sides and a wooden top and bottom. It rested in a hole some three feet deep and was surrounded by oil burners. It was charged with some seven or eight hundred gallons of still mash or whiskey "beer."

One man was stirring the mash with a field hoe. Climbing atop the pot, Parker dipped a hoe in the pot and as he pulled it out exclaimed, "They said it couldn't be done, but Bill Parker can make good beer."

All the officers testified that the apparatus consisted solely of a boiler and burner to heat the fermentation. There was water nearby.

The statute (Code 1940, T. 29, § 131) reads:

"It shall be unlawful for any person, firm or corporation in this state to manufacture, sell, give away, or have in possession, any still, apparatus, appliance, or any device or substitute therefor, to be used for the purpose of manufacturing any prohibited liquors or beverages."

To which is annexed:

"The unexplained possession of any part or parts of any still, apparatus, or appliance, or any device or substitute therefor, commonly or generally used for, or that is suitable to be used in, the manufacture of prohibited liquors and beverages shall be prima facie evidence of violation of this article." Ibid, § 132.

This second section (132) has been held to be constitutional apparently as a rule of evidence and not as an ipse dixit, making possession of part the possession of the whole. Coats v. State, 257 Ala. 406, 60 So.2d 261.

Mr. Troy Hamner, an ATU agent, testified on direct examination that the wooden and metal still pot on which he saw Parker standing "was a device to be used for the manufacture of whiskey."

This testimony is sufficient for the State to make out a prima facie case under the evidentiary rule of § 132, supra. Thus, in Bell v. State, 20 Ala.App. 150, 101 So. 158, 159, we find the court, per Bricken, P. J., saying:

"As to the can and copper worm found in possession of defendant, state witness Brannon testified:

"'That can is what they use for stills. That rod is a part of a still, and

it can be used as a part of a still. Those things can be used as a part of a still for the making or manufacturing of whisky.'

"In our opinion this evidence meets the requirements of section 2 of the act of the Legislature approved September 30, 1919 (Acts 1919, p. 1086), which establishes a rule of evidence necessary to make out a prima facie case of the offense denounced by section 1 of said act. We think the expression 'can be used for making or manufacturing whisky' is synonymous with and means the same as being 'suitable to be used in the manufacture,' etc. * * *."

The main insistence of appellant's counsel on this appeal is directed to a claim of prejudice to the defendant because of the solicitor's argument.

 Once the solicitor called Parker a "king-pin." The trial judge sustained objection to this expression, and told the jury to disregard the statements of attorneys except as matters of legitimate argument of the inferences from the evidence. This instruction, coupled with the sustention of the objection, cured error, if any. Myhand v. State, 259 Ala. 415, 66 So.2d 544; Johnson v. State, 272 Ala. 633, 133 So. 2d 53.

Again, objection was taken to the solicitor's statement, "You have always got to have a director when you have one of these big operations and he was standing up there on the still giving out orders and directing." The court correctly overruled this objection as being within the bounds of permissible inference.

The statute makes no distinction in the size of an apparatus prohibited under §§ 131 or 132, supra. Nor can we, as a matter of law, recognize that, if Parker's operation were small rather than big, he should thereby have been entitled to more lenient treatment by the jury. Jurors may, for all we know, consider such factors in their deliberations, but without any blessing of the law.

From the point of view of the standard of the statute, Parker's operation's being big is no more prejudicial than for the defense to describe it as small. If juries are more forgiving of the small than they are of the big, then change in any such treatment lies not with the appellate courts but with the Legislature. There is no legal prejudice per se in this figure of speech.

Accordingly, since we consider the second remark non-prejudicial, it follows that, even if "king-pin" were prejudicial, there still would be no cumulative result such as was condemned in Blue v. State, 246 Ala. 73, 19 So.2d 11, because of the creation of ineradicable prejudice against the defendant. The absence of concurrent stimuli upon the potential human prejudices of the jury precludes a reinforcing effect (which aggravates in the aggregate) from ever setting in.

We have carefully considered the entire record in accordance with the provisions of Code 1940, T. 15, § 389, and are of the opinion that the judgment of the trial court is due to be

Affirmed.